

GARWIN
GERSTEIN
& FISHER LLP

March 6, 2026

**VIA ECF**

Hon. Brian M. Cogan, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE:** ***J M Smith Corporation d/b/a Smith Drug Company v. Novo Nordisk Inc. and Novo Nordisk A/S*, No. 1:26-cv-00420-BMC (E.D.N.Y.)**

Dear Judge Cogan:

Direct purchaser plaintiff J M Smith Corporation ("Smith") hereby requests a pre-motion conference concerning its request herein, under Federal Rule of Civil Procedure 23(g), for appointment of Faruqi & Faruqi, LLP ("Faruqi") and Garwin Gerstein & Fisher LLP ("Garwin") as interim co-lead counsel for the proposed direct purchaser class. Should the Court deem it appropriate, Smith alternatively requests that this letter be deemed and filed as a formal motion.

Counsel for Smith has conferred with counsel for the Defendants, who take no position at this time.

## I.     INTRODUCTION

Faruqi, Garwin, and their associated co-counsel invested substantial resources in identifying, investigating, developing, and filing the first complaint concerning Defendants' anticompetitive conduct concerning Victoza. Absent this group of counsel, Defendants' wrongdoing may have gone unnoticed. The proposed interim co-lead counsel have the expertise, knowledge, integrity, and resources necessary to effectively and efficiently prosecute this complex antitrust class action.

Appointment at the outset of the litigation will help promote efficiency and to facilitate resolving pretrial issues, such as the coordination and consolidation of actions, handling Rule 16 and Rule 26(f) conferences, responding to any motion(s) to dismiss, and engaging in the discovery negotiations the Court already directed during the March 4, 2026 status conference. Furthermore, the proposed interim co-lead counsel will coordinate closely with other direct purchaser counsel to prosecute this class action efficiently and effectively while minimizing duplication of effort.

## II.     LEGAL STANDARD

Courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The appointment of interim lead counsel, among other things, clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity." *Pearlman v. Cablevision Sys. Corp.*, 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011) (citing Manual for Complex Litigation (Fourth) § 21.11 (4th ed. 2004) ("Manual")). In selecting



interim class counsel, courts apply the criteria set forth in Rule 23(g)(1)(A): (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources counsel will commit to representing the class. *See In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, 2013 WL 3816597, at *10 (E.D.N.Y. July 22, 2013). This determination is based on "an analysis of class counsel's qualifications and experience in general (including in representing classes and in similar lawsuits)." *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 596 (S.D.N.Y. 2020).

Among ways to determine who will best serve as lead counsel, "by far the most common is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." Manual at § 21.272 (4th ed.). This Court has applied this method in other class actions. *See In re: Dental Supplies Antitrust Litig.*, Docket No. 1:16-cv-00696, ECF No. 2 (E.D.N.Y. Feb 11, 2016) (Cogan, J.) ("Plaintiffs have requested the appointment of four firms to serve as interim co-lead class counsel, and one firm as interim liaison counsel. All plaintiffs and defendants have indicated to the Court that they consent to this proposal.").

Proposed Interim Class Counsel surpass all relevant appointment criteria.

## III.   ARGUMENT

### 1.   *Proposed lead counsel and co-counsel investigated the class's claims.*

Smith filed the first (and currently only) direct purchaser action asserting claims on behalf of any individual plaintiff or proposed class. Before filing the complaint, Faruqi, Garwin and their co-counsel investigated the facts and thoroughly researched and analyzed the complex legal issues that they anticipate will arise in this case, including the development of the Victoza market, the patents purportedly governing Victoza, the Victoza patent settlements, regulatory drug approval issues, and the publicly available information regarding Defendants' conduct. Where counsel have "conducted the first and . . . the most exhaustive investigation," the first prong is satisfied. *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).

### 2.   *Faruqi and Garwin possess the requisite experience to best represent the class*

Faruqi and Garwin have consistently directed the course of pharmaceutical antitrust cases just like this one, and have developed extensive, highly specialized expertise in their prosecution, including: (1) determining the overarching litigation strategy; (2) overseeing and guiding fact and expert discovery; (3) writing dispositive motions; (4) oral argument; (5) retaining and coordinating experts; (6) depositions; (7) trial; (8) appeal; and (9) settlement.

Faruqi and/or Garwin have been sole lead and/or co-lead counsel in dozens of like antitrust class actions over two decades, and have recovered approximately $3 billion on behalf of classes of pharmaceutical direct purchasers.



Faruqi's and Garwin's firm resumes are attached hereto as Exhibits 1 and 2. Proposed co-lead counsel's experience, as reflected therein, will facilitate an efficient, streamlined, and professional litigation, as multiple courts have recognized in cases litigated together by Faruqi and Garwin. *See* Hr'g Tr., *In re Novartis and Par Antitrust Litig.*, 18-cv-04361 (S.D.N.Y. Jan. 6, 2023) (praising class counsel among the "leading attorneys in this field," noting their "competence" and "professionalism," and remarking that "given what's at stake with this case, the number of times that you needed judicial intervention to resolve the dispute was very few."); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2024 WL 815503, at *14–15 (E.D. Pa. Feb. 27, 2024) (praising Faruqi and Garwin as "skilled and effective class action litigators that have obtained a highly favorable settlement in an extremely complex case . . . implicating a novel theory of a product hop antitrust scheme.").

### 3. *Faruqi and Garwin have specialized knowledge in pharmaceutical antitrust law*

Leadership in dozens of direct purchaser pharmaceutical antitrust class actions has afforded Faruqi and Garwin an expertise in the antitrust, patent, and regulatory law that apply to this case. Faruqi and Garwin lawyers have also, over two decades, developed a keen eye for complex factual issues which arise in cases like this one, including technical manufacturing, economic and causation issues. This extensive experience will best serve Smith and proposed class. *Scher v. Cohen Fashion Optical, LLC*, 2026 WL 71884, at *3 (E.D.N.Y. Jan. 9, 2026) ("Proposed Interim Co-Counsel's experience is vast. Indeed, Proposed Interim Co-Counsel have unparalleled knowledge and expertise [and each] appears to have deep knowledge not only of class action law and procedure, but also of substantive law.") (cleaned up).

### 4. *Faruqi and Garwin will devote the necessary resources*

Faruqi and Garwin have repeatedly demonstrated their ability to devote the resources necessary to prosecute cases like this one. They have historically, and will continue to, work closely with a variety of firms that have further specialization in complex areas such as FDA regulatory law, economics, and patent law, including the law firms of Heim Payne & Chorush, LLP; Odom & Des Roches LLC; Smith Segura & Raphael, LLP; Berger & Montague, P.C.; and Silver Golub & Teitell LLP. These firms bring to bear considerable financial resources and additional specialized counsel to aggressively safeguard the class's interests. *See, e.g., Buonasera*, 318 F.R.D. at 19.

## IV. CONCLUSION

In sum, Faruqi and Garwin satisfy all of the requirements of Federal Rule of Civil Procedure 23(g)(1)(A) and are able to represent the direct purchaser class fairly and adequately as interim co-lead counsel, consistent with Rule 23(g) and the goal of achieving "efficiency and economy." *See* Manual at § 10.221. To provide for the orderly and efficient conduct of this litigation, Smith respectfully asks the Court to appoint Faruqi and Garwin as interim co-lead

 

counsel in this case with exclusive authority to direct the conduct of this litigation for the direct purchaser class, through settlement or trial (and any appeals). A proposed order is attached.

Respectfully submitted,

**J M Smith Corporation d/b/a Smith Drug Company**

By: _____

Bradley J. Demuth
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017
(212) 983-9330
bdemuth@faruqilaw.com

Peter Kohn
Joseph Lukens
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Steven L. Bloch
Johnathan Seredynski
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, 15th Floor
Stamford, CT 06901
(203) 325-4491
sbloch@sgtlaw.com
jseredynski@sgtlaw.com

Russell A. Chorush
Christopher M. First
Kyle Ruvolo
**HEIM PAYNE & CHORUSH LLP**
609 Main St., Suite 3200
Houston, TX 77002
(713) 221-2000
rchorush@hpcllp.com
cfirst@hpcllp.com

By: _____

Bruce E. Gerstein
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 28th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com

David F. Sorensen
Caitlin G. Coslett
Andrew Curley
Laurel Boman
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
dsorensen@bergermontague.com
ccoslett@bergermontague.com
acurley@bergermontague.com
lboman@bergermontague.com

Stuart Des Roches
Dan Chiorean
Thomas Maas
Caroline Hoffmann
**ODOM & DES ROCHES LLC**
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077
stuart@odrlaw.com
dchiorean@ordlaw.com
tmaas@ordlaw.com
choffmann@odrlaw.com

kruvolo@hpcllp.com

Susan Segura
David C. Raphael
**SMITH SEGURA RAPHAEL &**
**LEGER LLP**
221 Ansley Blvd.
Alexandria, LA 71303
(318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com

5