# EXHIBIT 1



Faruqi & Faruqi, LLP focuses on complex civil litigation, including securities, antitrust, wage and hour, consumer, and pharmaceutical class actions as well as shareholder derivative and merger and transactional litigation.  The firm is headquartered in New York, and maintains offices in California, Pennsylvania and Georgia.

Since its founding in 1995, Faruqi & Faruqi, LLP has served as lead or co-lead counsel in numerous high-profile cases which have provided significant recoveries to investors, consumers and employees.

# PRACTICE AREAS

## ANTITRUST LITIGATION

The attorneys at Faruqi & Faruqi, LLP represent direct purchasers, competitors, third-party payors, and consumers in a variety of individual and class action antitrust cases brought under Sections 1 and 2 of the Sherman Act.  These actions, which typically seek treble damages under Section 4 of the Clayton Act, have been commenced by businesses and consumers injured by anticompetitive agreements to fix prices or allocate markets, conduct that excludes or delays competition, and other monopolistic or conspiratorial conduct that harms competition.

*Actions for excluded competitors*.   Faruqi & Faruqi represents competitors harmed by anticompetitive practices that reduce their sales, profits, and/or market share.  One representative action is *Babyage.com, Inc., et al. v. Toys "R" Us, Inc., et al*. where Faruqi & Faruqi was retained to represent three internet retailers of baby products, who challenged a dominant retailer's anticompetitive scheme, in concert with their upstream suppliers, to impose and enforce resale price maintenance in violation of §§ 1 and 2 of the Sherman Act and state law.  The action sought damages measured as lost sales and profits.  This case was followed extensively by the Wall Street Journal.  After several years of litigation, this action settled for an undisclosed amount.

*Actions for direct purchasers*.   Faruqi & Faruqi represents direct purchasers who have paid overcharges as a result of anticompetitive practices that raise prices.  These actions are typically initiated as class actions.  A representative action on behalf of direct purchasers is *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig*., No. 13-2445 (E.D. Pa.) ($385 million settlement) in which Faruqi & Faruqi was appointed co-lead counsel for the proposed plaintiff class under Federal Rule of Civil Procedure 23(g).  Faruqi & Faruqi's attorneys are counsel to direct purchasers (typically wholesalers) in multiple such class actions.  Faruqi & Faruqi has also successfully represented direct purchasers in multiple-plaintiff antitrust actions, including *In re Zetia (Ezetimibe) Antitrust Litig*., No. 18-md-02836 (E.D. Va.) and *Value Drug Company, et al. v. Takeda Pharmaceuticals, U.S.A., Inc.,* No. 21-cv-3500 (E.D. Pa.),



in the latter of which Faruqi & Faruqi's Peter Kohn tried plaintiffs' case well into defendant's case in chief before a resolution was achieved.

*Results*.  Faruqi & Faruqi's attorneys have consistently obtained favorable results in their antitrust engagements.  Non-confidential results include the following: *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-7488 (S.D.N.Y.) ($750 million settlement); *In re Modafinil Antitrust Litig.*, No. 06-1797 (E.D. Pa.) ($500 million settlement); *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Liti*g., No. 13-2445 (E.D. Pa.) (co-lead counsel, $385 million settlement); *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250 million settlement); *In re Buspirone Patent & Antitrust Litig.*, MDL No. 1410 (S.D.N.Y.) ($220 million settlement); *In re Relafen Antitrust Litig.*, No. 01-12239 (D. Mass.) ($175 million settlement); *In re Lidoderm Antitrust Litig.*, No. 14-md-2521 (N.D. Cal.) (co-lead counsel, $166 million settlement); *In re Aggrenox Antitrust Litig.*, No. 14-2516 (D. Conn.) ($146 million settlement); *In re Novartis and Par Antitrust Litig.*, No. 18-cv-04361 (S.D.N.Y.) ($126 million settlement); *In re Loestrin 24 Fe Antitrust Litig.*, 13-md-02472 (D.R.I.) (co-lead counsel, $120 million settlement); *In re Cardizem CD Antitrust Litig.*, No. 99-MD-1278 (E.D. Mich.) ($110 million settlement); *In re Intuniv Antitrust Litig.*, No. 16-cv-12653 (D. Mass.) ($98 million); *In re Solodyn Antitrust Litigation*, 14-md-02503 (D. Mass.) ($76 million settlement); *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 14-00361 (E.D. Va.) ($94 million settlement); *In re Lipitor Antitrust Litigation*, No. 3:12-cv-02389 ($93 million settlement); *In re Remeron Direct Purchaser Antitrust Litig.*, No. 03-cv-0085 (D.N.J.) ($75 million settlement); *In re Skelaxin (Metaxalone) Antitrust Litig.,* No. 12-md-2343, (E.D. Tenn.) ($73 million settlement); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-MDL-1317 (S.D. Fla.) ($72.5 million settlement); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-md-2819 (E.D.N.Y.) ($51 million settlement); *In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*, No. 20-cv-01076 (D. Del.) ($51 million settlement); *In re Hypodermic Products Antitrust Litigation*, No. 05-1602 (D.N.J.) ($45 million); *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) ($37.5 million partial settlement); *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, 06-52 (D. Del.) ($20 million settlement); *In re Prandin Antitrust Litig.*, No. 10-12141 (E.D. Mich.) (co-lead counsel, $19 million settlement); *In re Asacol Antitrust Litig.*, No. 15-12730 (D. Mass.) (co-lead counsel, $15 million settlement).

A more complete list of Faruqi & Faruqi's active and resolved antitrust cases can be found on its web site at *www.faruqilaw.com*.

**NEW YORK**          CALIFORNIA          **PENNSYLVANIA**          GEORGIA



## SECURITIES FRAUD LITIGATION

From its inception, Faruqi & Faruqi, LLP has devoted a substantial portion of its practice to class action securities fraud litigation. In *In re PurchasePro.com, Inc. Securities Litigation*, No. CV-S-01-0483 (JLQ) (D. Nev.), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $24.2 million settlement in a securities fraud litigation even though the corporate defendant was in bankruptcy.  As noted by Senior Judge Justin L. Quackenbush in approving the settlement, ***"I feel that counsel for plaintiffs evidenced that they were and are skilled in the field of securities litigation."***

Other past achievements include: *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (RDH) (E.D.N.Y.) (recovered $24.1 million dollars for class members) (Judge Hurley stated: "The quality of representation here I think has been excellent."), *In re Tellium, Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J.) (recovered $5.5 million dollars for class members); *In re Mitcham Indus., Inc. Sec. Litig.*, No. H-98-1244 (S.D. Tex.) (recovered $3 million dollars for class members despite the fact that corporate defendant was on the verge of declaring bankruptcy), and *Ruskin v. TIG Holdings, Inc.*, No. 98 Civ. 1068 LLS (S.D.N.Y.) (recovered $3 million dollars for class members).

Recently, Faruqi & Faruqi, LLP, as sole lead counsel, won a historic appeal in the United States Court of Appeals for the Fourth Circuit in *Zak v. Chelsea Therapeutics Inc. Int'l, Ltd.*, Civ. No. 13-2730 (2015), where the Court reversed a trial court's *scienter* ruling for the first time since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Court remanded the case to the district court, where Faruqi & Faruqi, LLP defeated defendants' motion to dismiss and subsequently obtained final approval of a $5.5 million settlement for the class.  *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213 (MOC) (DCK) (W.D.N.C.).  In *In re Tahoe Resources, Inc. Securities Litigation*, No. 17-cv-01868-RFB-NJK (D. Nev.), Faruqi & Faruqi, LLP served as sole lead counsel for the class, defeated defendants' motion to dismiss and subsequently obtained final approval of a $19.5 million settlement for the class.  In *In Re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.), Faruqi & Faruqi, LLP served as sole lead counsel for the class and obtained final approval of a $13.95 million settlement for the class.  In *Wang v. Ampio Pharmaceuticals, Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.), Faruqi & Faruqi, LLP served as sole lead counsel for the class and obtained final approval of a $3 million settlement for the class.  In *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal.), Faruqi & Faruqi, LLP served as sole lead counsel for the class in the federal court action, and, together with counsel in the parallel state court action, secured final approval of a $13 million global settlement of both actions on January 19, 2018.  In *Larkin v. GoPro, Inc.*, No. 4:16-CV-06654-CW (N.D.

3

---



Cal.), the court denied defendants' motion to dismiss, and on September 20, 2019, Faruqi & Faruqi, LLP, as sole lead counsel, secured final approval of a $6.75 million settlement for the class.  In *Rihn v. Acadia Pharmaceuticals, Inc*., No. 3:15-cv-00575-BTM-DHB (S.D. Cal.), the court denied defendants' first motion to dismiss, and on January 8, 2018, Faruqi & Faruqi, LLP, as sole lead counsel for the class, secured final approval of a $2.95 million settlement for the class, which represented approximately 36% of the total recognized losses claimed by the class.  In *In re Geron Corp., Sec. Litig.*, No. 14-CV-1424 (CRB) (N.D. Cal.), Faruqi & Faruqi, LLP, as sole lead counsel for the class, defeated defendants' motion to dismiss and, on July 21, 2017, obtained final approval of a settlement awarding $6.25 million to the class. Also, in *In re Dynavax Techs. Corp. Sec. Litig.*, No. 13-CV-2796 (CRB) (N.D. Cal.), Faruqi & Faruqi, LLP, as sole lead counsel for the class, defeated defendants' motion to dismiss, and on February 6, 2017, secured final approval of a $4.5 million settlement on behalf of the class.  In *In re L&L Energy, Inc. Sec. Litig.*, No. 13-cv-6704 (RA) (S.D.N.Y.), Faruqi & Faruqi, LLP, as co-lead counsel, obtained final approval on July 31, 2015 of a $3.5 million settlement for the class.  In *In re Ebix, Inc. Securities Litigation*, No. 11-cv-2400 (RWS) (N.D. Ga.), the court denied defendants' motion to dismiss and Faruqi & Faruqi, LLP, as sole lead counsel, obtained final approval on June 13, 2014 of a $6.5 million settlement for the class.  In *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479 (PHX) (ROS) (D. Ariz.), Faruqi & Faruqi, LLP, as co-lead counsel for the class, defeated defendants' motion to dismiss, succeeded in having the action certified as a class action, and secured final approval of a $4.5 million settlement for the class.  *See also Lowthorp v. Mesa Air Group, Inc., et al*., No. 2:20-cv-00648-MTL (D. Ariz.) (as sole lead counsel, obtained final approval of a $5 million settlement on behalf of the class); *In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*, No. 13 Civ. 214 (HB) (S.D.N.Y.) (as sole lead counsel, obtained final approval of a $1.34 million settlement on behalf of the class); *Simmons v. Spencer, et al*., No. 13 Civ. 8216 (RWS) (S.D.N.Y.) (as co-lead counsel obtained final approval of settlement awarding $1.5 million to the class); *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (where. as sole lead counsel, the firm obtained final approval of $712,500 settlement).

Additionally, Faruqi & Faruqi, LLP is serving as court-appointed lead counsel in the following cases:

4

---



- *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharmaceuticals Industries Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed as sole lead counsel for the class);
- *In re Revance Therapeutics, Inc. Securities Litigation*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed as sole lead counsel for the class);
- *Alms v. Luminar Technologies, Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed as sole lead counsel for the class);
- *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class);
- *Labelle v. Future FinTech Group, Inc.*, No. 24-247 (JXN) (JSA) (D.N.J.) (appointed sole lead counsel for the class);
- *Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); and
- *Salem v. Methode Electronics, Inc.*, No. 24 C 7696 (N.D. Ill.) (appointed sole lead counsel for the class).

## SHAREHOLDER MERGER AND TRANSACTIONAL LITIGATION

Faruqi & Faruqi, LLP is nationally recognized for its excellence in prosecuting shareholder class actions brought nationwide against officers, directors and other parties responsible for corporate wrongdoing. Most of these cases are based upon state statutory or common law principles involving fiduciary duties owed to investors by corporate insiders as well as Exchange Act violations.

Faruqi & Faruqi, LLP has obtained significant monetary and therapeutic recoveries, including millions of dollars in increased merger consideration for public shareholders; additional disclosure of significant material information so that shareholders can intelligently gauge the fairness of the terms of proposed transactions and other types of therapeutic relief designed to increase competitive bids and protect shareholder value.  As noted by Judge Timothy S. Black of the United States District Court for the Southern District of Ohio in appointing lead counsel *Nichting v. DPL Inc.*, Case No. 3:11-cv-141 (S.D. Ohio), "[a]lthough all of the firms seeking appointment as Lead Counsel have impressive resumes, the Court is most impressed with Faruqi & Faruqi."

For example, in *Hall v. Berry Petroleum Co.*, No. 8476-VCG (Del. Ch.), Faruqi & Faruqi, LLP as sole lead counsel was credited by the Delaware Chancery Court with contributing to an increase in exchange ratio in an all-stock transaction that provided Berry Petroleum Co. stockholders with an additional $600 million in consideration for their shares as well as the disclosure of additional material information regarding the transaction. The court noted at the settlement hearing "[t]he ability of petitioning counsel [Faruqi] is known to the Court, and plaintiff's counsel [Faruqi] are well versed in the prosecution of corporate law actions."  Faruqi & Faruqi, LLP achieved a similar result in *In Re Energysolutions, Inc. Shareholder Litigation*, Cons. C.A. No. 8203-VCG (Del. Ch.), in which the Faruqi Firm, as co-lead counsel, was credited in part with an increase in the merger consideration from $3.75 to $4.15 in cash per Energysolution share

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



by the acquirer Energy Capital, and credited with additional material disclosures distributed to stockholders. In approving the settlement of the case and noting that the price increase amounted to an extra $36 million for stockholders, the Delaware Court stated that the standing and ability of the stockholders' counsel, including Faruqi & Faruqi, LLP and its co-counsel, is "…among the highest in our bar." *See In Re Energysolutions, Inc. S'holder Litig.*, Cons. C.A. No. 8203-VCG (Del. Ch. Feb. 11, 2014).  In *In Re Jefferies Group, Inc. Shareholders Litigation*, C.A. No. 8059-CB (Del. Ch.), Faruqi & Faruqi, LLP acted as co-lead counsel representing Jeffries Group, Inc. stockholders in challenging the transaction with Leucadia National Corporation. After years of vigorous litigation, the parties reached a settlement that recovered $70 million additional consideration for the former Jeffries Group Inc. stockholders.

In *In re Playboy Enterprises, Inc. Shareholders Litigation*, Consol. C.A. No. 5632-VCN (Del. Ch.), Faruqi & Faruqi, LLP achieved a substantial post close settlement of $5.25 million.  In *In re Cogent, Inc. Shareholders Litigation*, Consol. C.A. No. 5780-VC (Del. Ch.) Faruqi & Faruqi, LLP, as co-lead counsel, obtained a post-close cash settlement of $1.9 million after two years of hotly contested litigation; In *Rice v. Lafarge* North *America, Inc., et al.*, No. 268974-V (Montgomery Cty., Md. Circuit Ct.), Faruqi & Faruqi, LLP, as co-lead counsel represented the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at $75.00 per share.  After discovery and intensive injunction motions practice, the price per share was increased from $75.00 to $85.50 per share, or a total benefit to the public shareholders of $388 million.  The Lafarge court gave Class counsel, including Faruqi & Faruqi, LLP, shared credit with a special committee appointed by the company's board of directors for a significant portion of the price increase.

Similarly, in *In re: Hearst-Argyle Shareholder Litig.,* Lead Case No. 09-Civ-600926 (N.Y. Sup. Ct.) as co-lead counsel for plaintiffs, Faruqi & Faruqi, LLP litigated, in coordination with Hearst-Argyle's special committee, an increase of over 12.5%, or $8,740,648, from the initial transaction value offered for Hearst-Argyle Television Inc.'s stock by its parent company, Hearst Corporation.  Faruqi & Faruqi, LLP, in *In re Alfa Corp. Shareholder Litig.*, Case No. 03-CV-2007-900485.00 (Montgomery Cty, Ala. Cir. Ct.) was instrumental, along with the Company's special committee, in securing an increased share price for Alfa Corporation shareholders of $22.00 from the originally-proposed $17.60 per share offer, which represented over a $160 million benefit to class members, and obtained additional proxy disclosures to ensure that Alfa shareholders were fully-informed before making their decision to vote in favor of the merger, or seek appraisal.

Moreover, in *In re Fox Entertainment Group, Inc. S'holders Litig.*, Consolidated C.A. No. 1033-N (Del. Ch. 2005), Faruqi & Faruqi, LLP, a member of the three (3) firm executive committee, and in

6

---

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



coordination with Fox Entertainment Group's special committee, created an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.  Also, in *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) Faruqi & Faruqi, LLP, in coordination with Howmet's special committee, successfully obtained an increased benefit to class members of $61.5 million dollars).

Recently, in *In re Orchard Enterprises, Inc. Stockholder Litigation*, C.A. No. 7840-VCL (Del. Ch.), Faruqi & Faruqi, LLP acted as co-lead counsel with two other firms.  That action involved the approval of a merger by Orchard's Board of Directors pursuant to which Dimensional Associates LLC would cash-out the stock of Orchard's minority common stockholders at a price of $2.05 per share and then take Orchard private.  On April 11, 2014, the parties reached an agreement to settle their claims for a payment of $10.725 million to be distributed among the Class, which considerably exceeded the $2.62 per share difference between the $2.05 buyout price and the $4.67 appraisal price determined in *In re Appraisal of The Orchard Enterprises, Inc.*, C.A. No. 5713-CS, 2012 WL 2923305 (Del. Ch. July 18, 2012).

Faruqi also has noteworthy successes in achieving injunctive or declaratory relief pre and post close in cases where corporate wrongdoing deprives shareholders of material information or an opportunity to share in potential profits.  In *In re Harleysville Group, Inc. S'holders Litigation*, C.A. Bo. 6907-VCP (Del. Ch. 2014), Faruqi as sole lead counsel obtained significant disclosures for stockholders pre-close and secured valuable relief post close in the form of an Anti-Flip Provision providing former stockholders with 25% of any profits in Qualifying Sale.  In April 2012, Faruqi as sole lead obtained an unprecedented injunction in *Knee v. Brocade Communications Systems, Inc.*, No. 1-12-CV-220249, slip op. at 2 (Cal. Super. Ct. Apr. 10, 2012) (Kleinberg, J.).  In *Brocade*, Faruqi, as sole lead counsel for plaintiffs, successfully obtained an injunction enjoining Brocade's 2012 shareholder vote because certain information relating to projected executive compensation was not properly disclosed in the proxy statement.  (Order After Hearing [Plaintiff's Motion for Preliminary Injunction; Motions to Seal]). In *Kajaria v. Cohen*, No. 1:10-CV-03141 (N.D. Ga., Atlanta Div.), Faruqi & Faruqi, LLP, succeeded in having the district court order Bluelinx Holdings Inc., the target company in a tender offer, to issue additional material disclosures to its recommendation statement to shareholders before the expiration of the tender offer.

## SHAREHOLDER DERIVATIVE LITIGATION

Faruqi & Faruqi, LLP has extensive experience litigating shareholder derivative actions on behalf of corporate entities.  This litigation is often necessary when the corporation has been injured by the wrongdoing of its officers and directors.  This wrongdoing can be either active, such as the wrongdoing by



certain corporate officers in connection with purposeful backdating of stock-options, or passive, such as the failure to put in place proper internal controls, which leads to the violation of laws and accounting procedures.  A shareholder has the right to commence a derivative action when the company's directors are unwilling or unable, to pursue claims against the wrongdoers, which is often the case when the directors themselves are the wrongdoers.

The purpose of the derivative action is threefold: (1) to make the company whole by holding those responsible for the wrongdoing accountable; (2) the establishment of procedures at the company to ensure the damaging acts can never again occur at the company; and (3) make the company more responsive to its shareholders.  Improved corporate governance and shareholder responsiveness are particularly valuable because they make the company a stronger one going forward, which benefits its shareholders. For example, studies have shown the companies with poor corporate governance scores have 5-year returns that are 3.95% below the industry average, while companies with good corporate governance scores have 5-year returns that are 7.91 % above the industry-adjusted average.  The difference in performance between these two groups is 11.86%. *Corporate Governance Study: The Correlation between Corporate Governance and Company Performance*, Lawrence D. Brown, Ph.D., Distinguished Professor of Accountancy, Georgia State University and Marcus L. Caylor, Ph.D. Student, Georgia State University. Faruqi & Faruqi, LLP has achieved all three of the above stated goals of a derivative action.  The firm regularly obtains significant corporate governance changes in connection with the successful resolution of derivative actions, in addition to monetary recoveries that inure directly to the benefit of the company.  In each case, the company's shareholders indirectly benefit through an improved market price and market perception.

In *In re UnitedHealth Group Incorporated Derivative Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Judicial Dist. 2009) Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, obtained a recovery of more than $930 million for the benefit of the Company and corporate governance reforms designed to make UnitedHealth a model of corporate responsibility and transparency.  ***At the time, the settlement reached was believed to be the largest settlement ever in a derivative case***.  *See* "UnitedHealth's Former Chief to Repay $600 Million," Bloomberg.com, December 6, 2007 ("the settlement . . . would be the largest ever in a 'derivative' suit . . . according to data compiled by Bloomberg.").

As co-lead counsel in *Weissman v. John, et al.*, Cause No. 2007-31254 (Tex. Harris County 2008) Faruqi & Faruqi, LLP, diligently litigated a shareholder derivative action on behalf of Key Energy Services, Inc. for more than three years and caused the company to adopt a multitude of corporate governance reforms which far exceeded listing and regulatory requirements.  Such reforms included, among other

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



things, the appointment of a new senior management team, the realignment of personnel, the institution of training sessions on internal control processes and activities, and the addition of 14 new accountants at the company with experience in public accounting, financial reporting, tax accounting, and SOX compliance.

More recently, Faruqi & Faruqi, LLP concluded shareholder derivative litigation in *The Booth Family Trust, et al. v. Jeffries, et al.*, Lead Case No. 05-cv-00860 (S.D. Ohio 2005) on behalf of Abercrombie & Fitch Co.  Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, litigated the case for six years through an appeal in the U.S. Court of Appeals for the Sixth Circuit where it successfully obtained reversal of the district court's ruling dismissing the shareholder derivative action in April 2011.  Once remanded to the district court, Faruqi & Faruqi, LLP caused the company to adopt important corporate governance reforms narrowly targeted to remedy the alleged insider trading and discriminatory employment practices that gave rise to the shareholder derivative action.

The favorable outcome obtained by Faruqi & Faruqi, LLP in *In re Forest Laboratories, Inc. Derivative Litigation*, Lead Civil Action No. 05-cv-3489 (S.D.N.Y. 2005) is another notable achievement for the firm.  After more than six years of litigation, Faruqi & Faruqi, LLP, as co-lead counsel, caused the company to adopt industry-leading corporate governance measures that included rigorous monitoring mechanisms and Board-level oversight procedures to ensure the timely and complete publication of clinical drug trial results to the investing public and to deter, among other things, the unlawful off-label promotion of drugs.

## CONSUMER PROTECTION LITIGATION

Attorneys at Faruqi & Faruqi, LLP have advocated for consumers' rights, successfully challenging some of the nation's largest and most powerful corporations for a variety of improper, unfair and deceptive business practices.  Through our efforts, we have recovered hundreds of millions of dollars and other significant remedial benefits for our consumer clients.

For example, in *Bates v. Kashi Co., et al.*, Case No. 11-CV-1967-H BGS (S.D. Cal. 2011), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $5.0 million settlement fund on behalf of California consumers who purchased Kashi products that were deceptively labeled as "nothing artificial" and "all natural."  The settlement provides class members with a full refund of the purchase price in addition to requiring Kashi to modify its labeling and advertising to remove "All Natural" and "Nothing Artificial" from certain products.  As noted by Judge Marilyn L. Huff in approving the settlement, *"Plaintiffs' counsel has extensive experience acting as class counsel in consumer class action cases, including cases involving false advertising claims."*  Moreover, in *Thomas v. Global Vision Products*, Case No. RG-03091195

9

---



(California Superior Ct., Alameda Cty.), Faruqi & Faruqi, LLP served as co-lead counsel in a consumer class action lawsuit against Global Vision Products, Inc., the manufacturer of the Avacor hair restoration product and its officers, directors and spokespersons, in connection with the false and misleading advertising claims regarding the Avacor product. Though the company had declared bankruptcy in 2007, Faruqi & Faruqi, LLP, along with its co-counsel, successfully prosecuted two trials to obtain relief for the class of Avacor purchasers. In January 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of the product. In November 2009, another jury awarded plaintiff and the class more than $50 million in a separate trial against two other company directors and officers. This jury award represented the largest consumer class action jury award in California in 2009 (according to VerdictSearch, a legal trade publication).

Additionally, in *Rodriguez v. CitiMortgage, Inc.*, Case No. 11-cv-04718-PGG-DCF (S.D.N.Y. 2011), Faruqi & Faruqi, LLP, as co-lead class counsel, reached a significant settlement with CitiMortgage related to improper foreclosure practices of homes owned by active duty servicemembers. The settlement was recently finalized pursuant to a Final Approval Order dated October 6, 2015, which provides class members with a monetary recovery of at least $116,785.00 per class member, plus the amount of any lost equity in the foreclosed property.

Below is a non-exhaustive list of settlements where Faruqi & Faruqi, LLP and its partners have served as lead or co-lead counsel:

- *In re Sinus Buster Products Consumer Litig.,* Case No. 1:12-cv-02429-ADS-AKT (E.D.N.Y. 2012). The firm represented a nationwide class of purchasers of assorted cold, flu and sinus products. A settlement was obtained, providing class members with a cash refund up to $10 and requiring defendant to discontinue the marketing and sale of certain products.
- *In re: Alexia Foods, Inc. Litigation.,* Case No. 4:11-cv-06119 (N.D. Cal. 2011). The firm represented a proposed class of all persons who purchased certain frozen potato products that were deceptively advertised as "natural" or "all natural." A settlement was obtained, providing class members with the cash refunds up to $35.00 and requiring defendant to cease using a synthetic chemical compound in future production of the products.
- *In re: Haier Freezer Consumer Litig.*, Case No. 5:11-CV-02911-EJD (N.D. Cal. 2011). The firm represented a nationwide class of consumers who purchased certain model freezers, which were sold in violation of the federal standard for maximum energy consumption. A settlement was obtained, providing class members with cash payments of between $50 and $325.80.
- *Loreto v. Coast Cutlery Co.*, Case No. 11-3977 SDW-MCA (D.N.J. 2011) The firm represented a proposed nationwide class of people who purchased stainless steel knives and multi-tools that were of a lesser quality than advertised. A settlement was obtained, providing class members with a full refund of the purchase price.
- *Rossi v Procter & Gamble Company.*, Case No. 11-7238 (D.N.J. 2011). The firm represented a nationwide class of consumers who purchased deceptively marketed "Crest Sensitivity" toothpaste. A settlement was obtained, providing class members with a full refund of the purchase price.

10

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



- *In re: Michaels Stores Pin Pad Litig.*, Case No. 1:11-CV-03350 CPK (N.D. Ill. 2011). The firm represented a nationwide class of persons against Michaels Stores, Inc. for failing to secure and safeguard customers' personal financial data. A settlement was obtained, which provided class members with monetary recovery for unreimbursed out-of-pocket losses incurred in connection with the data breach, as well as up to four years of credit monitoring services.
- *Kelly, v. Phiten*, Case No. 4:11-cv-00067 JEG (S.D. Iowa 2011). The firm represented a proposed nationwide class of consumers who purchased Defendant Phiten USA's jewelry and other products, which were falsely promoted to balance a user's energy flow. A settlement was obtained, providing class members with up to 300% of the cost of the product and substantial injunctive relief requiring Phiten to modify its advertising claims.
- *In re: HP Power-Plug Litigation,* Case No. 06-1221 (N.D. Cal. 2006). The firm represented a proposed nationwide class of consumers who purchased defective laptops manufactured by defendant. A settlement was obtained, which provided full relief to class members, including among other benefits a cash payment up to $650.00 per class member, or in the alternative, a repair free-of-charge and new limited warranties accompanying repaired laptops.
- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002). The firm represented a proposed nationwide class of consumers (approximately 170,000 members) who purchased, HP dvd-100i dvd-writers ("HP 100i") based on misrepresentations regarding the write-once ("DVD+R") capabilities of the HP 100i and the compatibility of DVD+RW disks written by HP 100i with DVD players and other optical storage devices. A settlement was obtained, which provided full relief to class members, including among other benefits, the replacement of defective HP 100i with its more current, second generation DVD writer, the HP 200i, and/or refunds the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.

In addition, Faruqi & Faruqi, LLP and its partners are currently serving as lead or co-lead counsel in the following class action cases:

- *Dei Rossi et al. v. Whirlpool Corp.,* Case No. 2:12-cv-00125-TLN-JFM (E.D. Cal. 2012) (representing a certified class of people who purchased mislabeled KitchenAid brand refrigerators from Whirlpool Corp.)
- *In re: Scotts EZ Seed Litigation*, Case No. 7:12-cv-04727-VB (S.D.N.Y. 2012) (representing a certified class of purchasers of mulch grass seed products advertised as a superior grass seed product capable of growing grass in the toughest conditions and with half the water.)
- *Forcellati et al., v Hyland's, Inc. et al.,* Case No. 2:12-cv-01983-GHK-MRW (C.D. Cal. 2012) (representing a certified nationwide class of purchasers of children's cold and flu products.)
- *Avram v. Samsung Electronics America, Inc., et al.,* Case No. 2:11-cv-06973 KM-MCA (D.N.J. 2011) (representing a proposed nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. for misrepresenting the energy efficiency of certain refrigerators.)
- *Dzielak v. Whirlpool Corp., et al*., Case No. 12-CIV-0089 SRC-MAS (D.N.J. 2011) (representing a proposed nationwide class of purchasers of mislabeled Maytag brand washing machines for misrepresenting the energy efficiency of such washing machines.)
- *In re: Shop-Vac Marketing and Sales Practices Litigation,* Case No. 4:12-md-02380-YK (M.D. Pa. 2012) (representing a proposed nationwide class of persons who purchased vacuums or Shop Vac's with overstated horsepower and tank capacity specifications.)
- *In re: Oreck Corporation Halo Vacuum And Air Purifiers Marketing And Sales Practices Litigation*, MDL No. 2317 (the firm was appointed to the executive committee, representing a proposed nationwide

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



class of consumers who purchased vacuums and air purifiers that were deceptively advertised effective in eliminating common viruses, germs and allergens.)

## EMPLOYMENT PRACTICES LITIGATION

Faruqi & Faruqi, LLP's Employment Practice Group is a recognized leader in protecting workers' rights.  The firm is dedicated to representing employees, independent contractors, and all other workers who have been denied proper compensation or suffered discrimination, retaliation, or other unlawful employment practices at the hands of their employers.

Faruqi & Faruqi attorneys represent workers across the county in both individual and class actions against employers that have failed to comply with state and/or federal laws governing minimum wages, overtime, meal and rest breaks, discrimination, harassment, retaliation, and other employment related practices.  The firm's attorneys have extensive experience litigating claims under, *inter alia*, Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act, the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, and the Sarbanes-Oxley Act, as well as the New York Labor Law and New York State and City Human Rights Laws.  Faruqi & Faruqi attorneys also actively investigate and pursue no-poach cases involving unlawful restraints on trade, which artificially depress employee compensation.

In prosecuting claims on behalf of aggrieved employees, Faruqi & Faruqi has successfully prevailed in jury trials, defeated countless summary judgment motions, won numerous class and collective certification motions, and obtained significant monetary recoveries for their clients.  In 2023, the firm secured the largest verdict in the State of New York for a discrimination case on behalf of an employee terminated because of her disability.  After a two-week trial in federal court, the jury returned a verdict for the plaintiff against her employer in the amount of $1,735,000.00, plus an additional $535,000.00 in prejudgment interest (plus attorneys' fees and costs).  *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y. Feb. 24, 2023)

Some of the firm's more recent public recoveries include, *inter alia*:

- $650,000 class and collective action settlement on behalf of law enforcement officers asserting late payment of wages and failure to pay claims.  *Pierre v. City of New York, et al.* (B&H Foto), No. 20-cv-05116-ALC, ECF No. 516 (S.D.N.Y. Nov. 15, 2024).
- $8,930,186.41 class and collective settlement for Officers asserting late payment of wages and failure to pay claims. *Pierre v. City of New York, et al.* (TD Bank), No. 20-cv-05116-ALC, ECF No. 499 (S.D.N.Y. Oct. 15, 2024).

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



- $1,735,000.00 jury verdict, plus an additional $535,000.00 in prejudgment interest (plus attorneys' fees and costs) for employee raising discrimination claims against her employer. *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y. Feb. 24, 2023).
- $2.9 million settlement for a collective of maintainers and custodians raising FLSA claims for late payment of wages and overtime. *Conte, et al. v. Metro. Transp. Auth., et al.*, No. 21-cv-02516-VEC (S.D.N.Y. Sept. 14, 2023).
- $7.25 million settlement for a collective of law enforcement officers claiming late payment of wages and failure to pay overtime. *Mercado, et al. v. Metro. Transp. Auth., et al.*, No. 20-cv-06533-AT (S.D.N.Y. July 5, 2023).
- $5.4 million settlement on behalf of a collective of Sergeants and Lieutenants challenging MTA's unfair employment and wage practices. *Feliciano, et al. v. Metro. Transp. Auth., et al.*, No. 18-cv-00026-VSB (S.D.N.Y. May 6, 2020).
- $500,000 settlement for an aggrieved employee asserting FLSA, NYLL, NYCHRL, and NYSHRL claims against her employer. *Goins v. BB&T Sec., LLC, et al.*, No. 1:20-cv-09891-PGG-JLC (S.D.N.Y. Jan. 6, 2022).
- $110,000 collective action settlement for workers' wage and hour claims. *Hall v. J. Caiazzo Plumbing & Heating Corp. et al.*, No. 1:21-cv-05416-ENV-SJB (E.D.N.Y. Sept. 28, 2021).
- $160,000 settlement for a collective of restaurant workers raising overtime and minimum wage claims. *Molina, et al. v. Huaxcuaxtla Rest. Corp., et al.*, No. 1:20-cv-02481-RWL (S.D.N.Y. Feb. 25, 2021).
- $425,000 settlement for unpaid wages and overtime on behalf of restaurant workers. *Sanchez, et al. v. Stonehouse Rest LLC, et al.*, No. 1:18-cv-01397-ST (E.D.N.Y. Feb. 4, 2021).
- $135,000 settlement of FLSA and NYLL overtime claims for a collective of workers. *Kuznetsov, et al. v. Bravura Glass and Mirror Corp., et al.*, No. 1:20-cv-00726-LB (E.D.N.Y. Dec. 23, 2020).
- $550,000 settlement for unpaid wages for a class of paramedic and ambulance workers. *Ackerman v. N.Y. Hosp. Med. Ctr. of Queens*, No. 702965/2013, NYSCEF Nos. 70 at 1-3; 80 (N.Y. Sup., Queens Cty. June 24, 2020).
- $462,500 class action settlement for wage-and-hour claims raised by restaurant workers. *Reeves, et al. v. La Pecora Bianca, Inc, et al.*, No. 151153/2018 (N.Y. Sup. Ct., June 11, 2020).
- $260,000 settlement of minimum wage and overtime claims. *Porrini v. McRizz, LLC, et al.*, No. 2:19-cv-03979(ARR)(RML) (E.D.N.Y. Aug. 16, 2022).
- $700,000 settlement for a class of drivers, representing an incredible 100% of their wage damages as well as an additional 75% of their liquidated damages stemming from their wage claims. *Morrell, et al. v. NYC Green Transp. Grp., LLC, et al.*, No. 1:18-cv-00918-PKC-VMS (E.D.N.Y. May 8, 2019).
- $1.425 million settlement for a class of servers and bartenders challenging unlawful service charge and tip retention practices. *Izzio, et al. v. Century Golf Partners Mgmt., L.P.*, No. 3:14-cv-03194-M (N.D. Tex. Feb. 13, 2019)
- $9.8 million settlement for unpaid wages and overtime for a class or grocery store employees. *Griffin, et al. v. Aldi, Inc.*, No. 5:16-cv-354 (LEK/ATB) (N.D.N.Y. Nov. 15, 2018)
- $5.6 million class action settlement for 2,917 class members nationwide. *Run Them Sweet, LLC v. CPA Global LTD, et al.*, No. 1:16-cv-1347-TSE-TCB (E.D. Va. Oct. 6, 2017).
- $51 million class action settlement. *Foster, et al. v. L-3 Commc'ns EoTech, Inc., et al.*, No. 6:15-cv-03519-BCW (W.D. Mo. July 7, 2017).
- $250,000 class action settlement for unpaid overtime and statutory damages. *Strong, et al. v. Safe Auto Ins. Grp., Inc., et al.*, No. 2:16-cv-765 (S.D. Ohio Aug. 28, 2017).

13

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



In addition to the above public recoveries, the firm routinely represents workers in both judicial and administrative proceedings, asserting violations of federal, state, and municipal laws prohibiting discrimination and retaliation both in and outside of the workplace.  The firm has secured millions of dollars in confidential settlements for their clients in these cases.

Faruqi & Faruqi has been fighting for workers' rights for over 30 years.  The Employment Practice Group has challenged the practices of major businesses and corporations across the country and have recovered billions of dollars for their clients.

# <u>ATTORNEYS</u>

## NADEEM FARUQI

Mr. Faruqi is Co-Founder and a Managing Partner of Faruqi & Faruqi, LLP.  Mr. Faruqi oversees all aspects of the firm's practice areas.  Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York.  In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm.  While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991).  Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D. Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

14



Mr. Faruqi earned his Bachelor of Science Degree from McGill University, Canada (B.Sc. 1981), his Master of Business Administration from the Schulich School of Business, York University, Canada (MBA 1984) and his law degree from New York Law School (J.D., *cum* laude, 1987).  Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law.  He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988.  He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

Mr. Faruqi is licensed to practice law in New York and is admitted to the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Colorado, and the United States Court of Appeals for the Second and Third Circuits.

## LUBNA M. FARUQI

Ms. Faruqi is Co-Founder and a Managing Partner of Faruqi & Faruqi, LLP.  Ms. Faruqi is involved in all aspects of the firm's practice.  Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.).  She helped to establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999).  Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada.  In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

Ms. Faruqi is licensed to practice law in New York and is admitted to the United States District Court for the Southern District of New York.

15

---



## PETER KOHN

Peter Kohn chairs the firm's pharmaceutical litigation practice and co-chairs its antitrust practice.

Mr. Kohn's litigation track record is noteworthy. Publicly-available results include In re Namenda Antitrust Litig., No. 15-7488 (S.D.N.Y.) ($750 million settlement), In re Modafinil Antitrust Litig., No. 06-1797 (E.D. Pa.) ($500 million settlement), In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig., No. 13-2445 (E.D. Pa.) ($385 million settlement), In re Tricor Direct Purchaser Antitrust Litig., No. 05-340 (D. Del.) ($250 million settlement), In re Buspirone Patent & Antitrust Litig., MDL No. 1410 (S.D.N.Y.) ($220 million settlement), In re Relafen Antitrust Litig., No. 01-12239 (D. Mass.) ($175 million settlement), In re Lidoderm Antitrust Litig., No. 14-2521 (N.D. Cal.) ($166 million settlement), In re Aggrenox Antitrust Litig., No. 14-2516 (D. Conn.) ($146 million settlement), In re Loestrin 24 Fe Antitrust Litig., No. 13-2472 (D.R.I.) ($120 million settlement), In re Cardizem CD Antitrust Litig., No. 99-MD-1278 (E.D. Mich.) ($110 million settlement), In re Solodyn Antitrust Litig., No. 14-10438 (D. Mass) ($76 million settlement), In re Remeron Direct Purchaser Antitrust Litig., No. 03-cv-0085 (D.N.J.) ($75 million settlement), In re Terazosin Hydrochloride Antitrust Litig., No. 99-MDL-1317 (S.D. Fla.) ($72.5 million settlement), and Meijer, Inc. v. Warner-Chilcott, No. 05-2195 (D.D.C.) ($22 million settlement).

He has first-chaired or been appointed to leadership positions in several cases, including In re Pennsylvania Title Ins. Antitrust Litig., No. 08cv1202 (E.D. Pa.), Mylan Pharms., Inc. v. Warner Chilcott, No. 12-cv-3824 (E.D. Pa.), In re Effexor XR Antitrust Litig., No. 11-cv-5479 (D.N.J.), In re Prandin Antitrust Litig., No. 10-12141 (E.D. Mich.), In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig., No. 13-2445 (E.D. Pa.), In re Loestrin 24 Fe Antitrust Litig., No. 13-2472 (D.R.I.), In re Lidoderm Antitrust Litig., No. 14-2521 (N.D. Cal.), and Value Drug Co. v. Takeda Pharms. USA Inc., No. 21-cv-3500 (E.D. Pa.).

He has been an invited speaker. He spoke before the American Bar Association's Section of Antitrust Law's Spring Meeting in 2010 (on the subject of resale price maintenance), 2015 (on the subject of product "hopping" and FDA risk mitigation abuse), and 2018 (on the subject of reverse-payment patent settlement agreements). He spoke at HarrisMartin's Antitrust Pay-for-Delay Litigation Conference in 2014, 2015, and 2017 on the subject of reverse-payment patent settlement agreements. He spoke in 2012 on the subject of the filed rate doctrine at the American Antitrust Institute. He has also spoken at ABA "brown bag" lunches on the subject of product hopping cases (2015) and reverse-payment patent settlement agreements (2017).

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



Earlier in his career, Mr. Kohn defended products liability, toxic and mass tort cases on behalf of insureds and self-insureds at LaBrum & Doak (1992-1994) and prosecuted toxic tort and civil rights actions at Monheit, Monheit, Silverman & Fodera (1994-2000), where he first-chaired several complex and expert-intensive jury trials.  While at the Monheit firm, Mr. Kohn acted as co-liaison counsel for plaintiffs in the lead-based paint poisoning litigation program of the Court of Common Pleas of Philadelphia County, and served as class counsel in three civil rights class actions seeking injunctive relief on behalf of housing authority residents exposed to lead-based paint.  During that time he worked to convince the Pennsylvania Supreme Court that the so-called "pollution exclusion" contained in comprehensive general liability insurance policies did not extend to lead-based paint poisoning.  See Lititz Mut. Ins. Co. v. Steely, 567 Pa. 98, 785 A.2d 975 (Pa. 2001) (reversing id., 746 A.2d 607 (Pa. Super. Ct. 1999)); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131 (3d Cir. 2000).  Working with the state legislature on behalf of his minor clients, Mr. Kohn also successfully advocated for an extension, to civil actions, of the "tender years" hearsay exception of the Pennsylvania Rules of Evidence, which until that time had been limited to criminal actions.

Mr. Kohn has regularly been chosen by his peers as a "SuperLawyer" since 2009.  He is a member of the bars of the Supreme Court of Pennsylvania, the United States Courts of Appeals for the Second, Third, Sixth, Ninth, and Federal Circuits, and the United States District Courts for the Eastern District of Pennsylvania and the Eastern District of Michigan.

He is a 1992 graduate of Temple University Law School (cum laude), and a 1989 graduate of the University of Pennsylvania (B.A., English).  He was  a member of Temple's trial team and the Temple Law Review.

## JOSEPH T. LUKENS

Mr. Lukens is a Partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Antitrust Litigation Practice Group.

Mr. Lukens was a shareholder at the Philadelphia firm of Hangley Aronchick Segal Pudlin & Schiller, where he represented large retail pharmacy chains as opt-out plaintiffs in numerous lawsuits under the Sherman Act.  Among those lawsuits were *In re Brand Name Prescription Drugs Antitrust Litigation* (MDL 897, N.D. Ill.), *In re Terazosin Hydrochloride Antitrust Litigation* (MDL 1317, S.D. Fla.), *In re TriCor Direct Purchaser Antitrust Litigation* (05-605, D. Del.), *In re Nifedipine Antitrust Litigation* (MDL1515, D.D.C.), *In re OxyContin Antitrust Litigation* (04-3719, S.D.N.Y), and *In re Chocolate Confectionary Antitrust Litigation* (MDL 1935, M.D. Pa.).  While the results in the opt-out cases are confidential, the parallel class actions in those matters which are concluded have resulted in settlements exceeding $1.1 billion.

17



Earlier in his career, Mr. Lukens concentrated in commercial and civil rights litigation at the Philadelphia firm of Schnader, Harrison, Segal & Lewis.  The types of matters that Mr. Lukens handled included antitrust, First Amendment, contracts, and licensing.  Mr. Lukens also worked extensively on several notable *pro bono* cases including *Commonwealth v. Morales*, which resulted in a rare reversal on a second post-conviction petition in a capital case in the Pennsylvania Supreme Court.

Mr. Lukens graduated from LaSalle University (B.A. Political Science, *cum laude*, 1987) and received his law degree from Temple University School of Law (J.D., *magna cum laude*, 1992) where he was an editor on the *Temple Law Review* and received several academic awards.  After law school, Mr. Lukens clerked for the Honorable Joseph J. Longobardi, Chief Judge for the United States District Court for the District of Delaware (1992-93).  Mr. Lukens is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States Supreme Court (1996-present); the United States District Court for the Eastern District of Pennsylvania (1993-present), the United States Court of Appeals for the Third Circuit (1993-present), and the United States Court of Appeals for the District of New Jersey (1994-present).

Mr. Lukens has several publications, including: *Bringing Market Discipline to Pharmaceutical Product Reformulations*, 42 Int'l Rev. Intel. Prop. & Comp. Law 698 (September 2011) (co-author with Steve Shadowen and Keith Leffler); *Anticompetitive Product Changes in the Pharmaceutical Industry*, 41 Rutgers L.J. 1 (2009) (co-author with Steve Shadowen and Keith Leffler); *The Prison Litigation Reform Act: Three Strikes and You're Out of Court — It May Be Effective, But Is It Constitutional?,* 70 Temp. L. Rev. 471 (1997); *Pennsylvania Strips The Inventory Search Exception From Its Rationale – Commonwealth v. Nace*, 64 Temp. L. Rev. 267 (1991).

## BRADLEY J. DEMUTH

Bradley J. Demuth's practice is focused on complex antitrust litigation with particular expertise in cases involving pharmaceutical overcharges resulting from delayed generic entry schemes, price fixing, and other anticompetitive conduct.  Brad is a partner in the firm's New York office.

Upon graduating, *cum laude*, from American University Washington College of Law, Brad served as a law clerk to the United States Court of Appeals for the Second Circuit.  Thereafter, Brad associated with Cadwalader, Wickersham & Taft LLP and Skadden, Arps, Slate, Meager & Flom LLP, where he successfully represented several national and multinational corporate defendants in a wide range of antitrust disputes.  His antitrust experience includes litigating issues in the pharmaceutical, high-tech, professional sports, consumer goods, luxury goods, financial benchmarking, commodities, and industrial

18



materials contexts.

As a partner of the firm, Brad has made notable contributions in several high-profile pharmaceutical antitrust cases that resulted in significant recoveries, including in:

- *In re Zetia (Ezetimibe) Antitrust Litigation* (E.D. Va.)
- *Value Drug Co. v. Takeda Pharmaceuticals U.S.A., Inc.* (E.D. Pa.) (re Colcrys)
- *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation* (E.D.N.Y.)

Brad is currently involved in several other pending high-profile pharmaceutical antitrust matters including, most notably, *In re Generic Pharmaceutical Pricing Antitrust Litigation* (E.D. Pa.), *Value Drug Co. v. Alkermes, Inc.* (D. Mass.) (re Vivitrol), and *J M Smith Corp. v. Novo Nordisk Inc.* (E.D.N.Y.) (re Victoza).

Brad is a member of the New York State bar and is admitted to practice before the United States Court of Appeals for the Second and Third Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado.

## ADAM STEINFELD

Adam Steinfeld is a Partner in Faruqi & Faruqi, LLP's New York office.  He practices in the area of antitrust litigation with a focus on competition in the pharmaceutical industry.

Mr. Steinfeld has litigated successfully with significant contributions in *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220M settlement); *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278 (E.D. Mich.) ($110M settlement); *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.) ($175M settlement); *In re Remeron Direct Purchaser Antitrust Litigation*, No. 03-cv-0085 (D.N.J.) ($75M settlement); *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($72.5M settlement); *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250M settlement); and *Mylan Pharms., Inc. v. Warner Chilcott*, No. 12-cv-3824 (E.D. Pa.) ($12 million settlement).

Prior to joining Faruqi & Faruqi, Mr. Steinfeld was associated with Grant and Eisenhofer, P.A. (2011-2015) and a partner at Garwin, Gerstein and Fisher, LLP, New York (1997-2009).

Mr. Steinfeld is the author of Nuclear Objections: The Persistent Objector and the Legality of the Use of Nuclear Weapons, 62 Brooklyn L. Rev. 1635 (winter, 1996).

Mr. Steinfeld received his law degree from Brooklyn Law School (J.D., 1997) where he was an editor on the Brooklyn Law Review and received several academic awards.  Mr. Steinfeld is a member of the bars of the States of New York, New Jersey and Massachusetts; and is admitted to practice before the United States District Courts for the District New Jersey, Eastern District of New York, Southern District of

19



New York, and Western District of New York. Mr. Steinfeld graduated from Brandeis University (B.A., Politics, 1994).

## KRISTYN FIELDS

Kristyn Fields' practice is focused on antitrust litigation. Ms. Fields is a Partner in the firm's New York office.

Prior to joining F&F, Ms. Fields interned for the Honorable Martin Marcus, New York Supreme Court, Bronx County. As well, Ms. Fields participated in the Brooklyn Law Incubator & Policy Clinic providing pro bono counsel to emerging start-up companies. While at Brooklyn Law School, Ms. Fields served as an Executive Articles Editor of the Brooklyn Journal of Corporate, Financial & Commercial Law. Also, Ms. Fields was a member of the Moot Court Honor Society.

Ms. Fields earned her J.D. from Brooklyn Law School (2016). Ms. Fields earned her undergraduate degree from Boston College (B.A., Political Science, 2013).

Ms. Fields is licensed to practice law in New York.

## RAYMOND N. BARTO

Raymond N. Barto's practice is focused on antitrust litigation. Mr. Barto is a Partner in the firm's New York office.

Prior to joining F&F, Mr. Barto was an associate at a prominent New York City law firm where he represented consumers, shareholders, and employees in class action cases that involved consumer fraud, breach of fiduciary duty, and ERISA.

While at Brooklyn Law School, Mr. Barto served as an Articles Editor for the Brooklyn Law Review. As well, Mr. Barto served as an intern to the Honorable Judge William Pauley III of the United States District Court for the Southern District of New York; the United States Attorney's Office for the Eastern District of New York; the litigation department for Marsh & McLennan Companies; and the Kings County District Attorney's Office.

Mr. Barto earned his J.D, cum laude, from Brooklyn Law School (2013). Mr. Barto earned his undergraduate degree from Fordham University (B.A., History, 2007).

Mr. Barto is licensed to practice law in New York and New Jersey.

**NEW YORK**          CALIFORNIA          **PENNSYLVANIA**          GEORGIA



## STEPHEN G. DOHERTY

Stephen Doherty is Senior Counsel in the Pennsylvania office of Faruqi & Faruqi, LLP.   Mr. Doherty practices in the area of antitrust law and is significantly involved in prosecuting antitrust class actions on behalf of direct purchasers of brand name and generic drugs and charging pharmaceutical manufacturers with price fixing and with illegally blocking the market entry of less expensive competitors.

Earlier in his career, Mr. Doherty litigated consumer fraud and employment discrimination cases in both state and federal courts in Pennsylvania and New Jersey.  He has served on numerous volunteer boards, including Gilda's Club of Delaware Valley and the BCBA Pro Bono Committee, has served as a volunteer instructor for VITA Education Services, and as a pro bono lawyer for the Consumer Bankruptcy Assistance Project.

Mr. Doherty is a 1992 graduate of Temple University Law School, where he was senior staff for the Temple Law Review and received several academic awards and is the author of Joint Representation Conflicts of Interest: Toward A More Balanced Approach, 65 Temp. L. Rev. 561 (1992).  Mr. Doherty is a 1988 graduate of Dickinson College (B.A., Anthropology and Latin American Studies).

## NEILL CLARK

Neill Clark is Of Counsel in Faruqi and Faruqi, LLP's Pennsylvania office.

Before joining the firm, Mr. Clark was an associate at Berger & Montague, P.C. where he was significantly involved in prosecuting antitrust class actions on behalf of direct purchasers of brand name drugs and charging pharmaceutical manufacturers with illegally blocking the market entry of less expensive competitors.

Eight of those cases have resulted in substantial settlements totaling over $950 million: *In re Cardizem CD Antitrust Litig.* settled in November 2002 for $110 million; *In re Buspirone Antitrust Litig.* settled in April 2003 for $220 million; *In re Relafen Antitrust Litig.* settled in February 2004 for $175 million; *In re Platinol Antitrust Litig.* settled in November 2004 for $50 million; *In re Terazosin Antitrust Litig.* settled in April 2005 for $75 million; *In re Remeron Antitrust Litig.* settled in November 2005 for $75 million; *In re Ovcon Antitrust Litig.* settled in 2009 for $22 million; and *In re Tricor Direct Purchaser Antitrust Litig.* settled in April 2009 for $250 million.

Mr. Clark was also principally involved in a case alleging a conspiracy among hospitals and the Arizona Hospital and Healthcare Association to depress the compensation of per diem and traveling nurses, *Johnson et al. v. Arizona Hospital and Healthcare Association et al.*, No. CV07-1292 (D. Ariz.).

**NEW YORK**              **CALIFORNIA**              **PENNSYLVANIA**              **GEORGIA**



Mr. Clark was selected as a "Rising Star" by Pennsylvania Super Lawyers and listed as one of the Top Young Lawyers in Pennsylvania in the December 2005 edition of Philadelphia Magazine. Two cases in which he has been significantly involved have been featured as "Noteworthy Cases" in the NATIONAL LAW JOURNAL articles, "The Plaintiffs' Hot List" (*In re Tricor Antitrust Litig.* October 5, 2009 and *Johnson v. Arizona Hosp. and Healthcare Ass'n.*, October 3, 2011).

Mr. Clark graduated cum laude from Appalachian State University in 1994 and from Temple University Beasley School of Law in 1998, where he earned seven "distinguished class performance" awards, an oral advocacy award and a "best paper" award.

## JAMES M. WILSON, JR.

James M. Wilson, Jr. is a Partner in Faruqi & Faruqi LLP's New York office and Co-Chair of the firm's Securities Litigation Practice Group and is a lead attorney on several large securities class actions.

Prior to joining Faruqi & Faruqi, Mr. Wilson was a partner at Chitwood Harley Harnes, LLP, and a senior associate with Reed Smith, LLP. Mr. Wilson has represented institutional pension funds, corporations and individual investors in courts around the country and obtained significant recoveries, including the following securities class actions: *In re ArthroCare Sec. Litig.* No. 08-0574 (W.D. Tex.) ($74 million); *In re Maxim Integrated Prod. Sec. Litig.*, No. 08-0832 (N.D. Cal.) ($173 million); *In re TyCom Ltd. Sec. Litig.*, MDL No. 02-1335 (D.N.H.) ($79 million); and *In re Providian Fin. Corp. Sec. Litig.*, No. 01-3952 (N.D. Cal.). Mr. Wilson also has obtained significant relief for shareholders in merger suits, including the following: *In re Zoran Corporation Shareholders Litig.*, No. 6212-VCP (Del. Chancery); and *In re The Coca-Cola Company Shareholder Litigation*, No. 10-182035 (Fulton County Superior Ct.).

Mr. Wilson has authored numerous articles addressing current developments including the following Expert Commentaries published by Lexis Nexis: *The Liability Faced By Financial Institutions From Exposure To Subprime Mortgages; Losses Attributable To Sub-Prime Mortgages; The Supreme Court's Decision in Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc. et al.; Derivative Suite by LLC Members in New York: Tzolis v. Wolff*, 10 N.Y.3d 100 (Feb. 14, 2008).

Mr. Wilson obtained his undergraduate degree from Georgia State University (B.A. 1988), his law degree from the University of Georgia (J.D. 1991), and Masters in Tax Law from New York University (LL.M. 1992). He is licensed to practice law in Georgia and New York and is admitted to the United States District Courts for Middle and Northern Districts of Georgia, the Eastern and Southern Districts of New York, the Eastern District of Michigan and the District of Colorado, and the United States Courts of Appeals for the Second, Fifth and Eleventh Circuits.

**NEW YORK**          **CALIFORNIA**          **PENNSYLVANIA**          **GEORGIA**



## ROBERT W. KILLORIN

Robert W. Killorin is a Partner with the firm and is based in the Atlanta Georgia office and is a member of the firm's Institutional Investor Practice Group and Co-Chair of the firm's Securities Litigation Practice Group.  His practice is focused on shareholder merger and securities litigation.  Mr. Killorin is a lead attorney on several large securities class actions.  Mr. Killorin is an accomplished trial lawyer with over twenty years of experience in civil litigation.  Prior to joining Faruqi & Faruqi, Mr. Killorin was a partner at the firm of Chitwood Harley Harnes, LLP where he specialized in complex securities litigation.  Mr. Killorin has represented numerous individual plaintiffs, as well as institutional pension funds, corporations and individual investors in courts around the country.  He has obtained significant recoveries, including the following securities class actions: *In re FireEye, Inc. Sec. Litig.,* No. 14-266866 ($10 million settlement pending); *In re ArthroCare Sec. Litig.* No. 08-0574 (W.D. Tex.) ($74 million); *In re Maxim Integrated Prod. Sec. Litig.*, No. 08-0832 (N.D. Cal.) ($173 million); *In re TyCom Ltd. Sec. Litig.*, MDL No. 02-1335 (D.N.H.) ($79 million); and *In re Providian Fin. Corp. Sec. Litig.*, No. 01-3952 (N.D. Cal.). Mr. Killorin has obtained significant relief for shareholders in merger suits, including the following: *In re The Coca-Cola Company Shareholder Litigation*, No. 10-182035 (Fulton County Superior Ct.).

Mr. Killorin authored "Preparing Clients to Testify" – Chapter 19 of *Civil Trial Practice, Winning Techniques of Successful Trial Attorneys*, Lawyers and Judges Publishing Company (2000), and has written articles and lectured on various legal topics. He is listed in Who's Who in American Law and is an AV® Preeminent™ Peer Review Rated attorney.

Mr. Killorin obtained his undergraduate degree from Duke University (B.A., cum laude, 1980) and his law degree from the University of Georgia (J.D. 1983) where he was on the national mock trial team and a national moot court team.  He is licensed to practice law in Georgia and is admitted to the United States Supreme Court, the United States Courts of Appeals for the Tenth and Eleventh Circuits, and the United States District Courts for Middle and Northern Districts of Georgia.

## TIMOTHY J. PETER

Timothy J. Peter is a Partner in Faruqi & Faruqi, LLP's Pennsylvania office and Chair of the firm's Consumer Protection Litigation Practice Group.

During his tenure F&F has been appointed lead or co-lead counsel in numerous consumer class actions such as *In re: Folgers Coffee Mktg.*, No. 4:21-md-02984 (W.D. Mo. Apr. 1, 2021) (F&F) appointed co-lead counsel in food labeling MDL); *Broomfield v. Craft Brew Alliance*, No. 5:17-cv-01027 (N.D. Cal.

**NEW YORK**         **CALIFORNIA**         **PENNSYLVANIA**         **GEORGIA**



Feb. 28, 2017) (as co-lead counsel, the Faruqi firm negotiated a nationwide class settlement worth over $13,000,000 for consumers); *Wilson et al v. Walmart Inc et al*, No. 3:21-cv-00082 (E.D. Ark. Apr. 27, 2021) (F&F appointed to Executive Committee in contaminated baby food consumer class action litigation). In addition, Mr. Peter is counsel of record in *Huertas v. Bayer US LLC*, 120 F.4th 1169 (3d Cir. 2024) (reversing dismissal in a contaminated products consumer class action).

Mr. Peter is a 2009 cum laude graduate of the Michigan State University College of Law, where he served as an associate editor of the Journal of Medicine and Law. He received his undergraduate degree in Economics from the College of Wooster in 2002.

Mr. Peter is admitted to practice in the Commonwealth of Pennsylvania and the U.S. District Court for the Eastern District of Pennsylvania, the Northern District of Illinois, and the Eastern District of Michigan and the United States Courts of Appeal for the Second, Third, and Ninth Circuits.

## INNESSA MELAMED HUOT

Innessa M. Huot is a Partner in the firm's New York office and Chair of the firm's Employment Practice Group.

Ms. Huot represents workers across the country in both individual and class action lawsuits. Ms. Huot has litigated cases in both federal and state courts, involving FLSA claims, state wage and hour violations, discrimination and harassment claims, retaliation matters, FMLA and ADA violations, breach of contract disputes, and other employment-related violations. Ms. Huot has served as lead counsel in numerous cases filed against major businesses and corporations and has successfully recovered millions of dollars on behalf of her clients.

In 2023, Innessa secured the largest verdict in the State of New York for a discrimination case on behalf of an employee terminated because of her disability. After a two-week trial in federal court, the jury returned a verdict for the plaintiff against her employer in the amount of $1,735,000.00, plus an additional $535,000.00 in prejudgment interest (plus attorneys' fees and costs). *Ruderman v. Law Office of Yuriy Prakhin, et al.*, No. 19-CV-2987-CBA-LB, ECF No. 220 (E.D.N.Y. Feb. 24, 2023).

Some of Innessa's more recent public recoveries include, *inter alia*:

- $650,000 class and collective action settlement on behalf of law enforcement officers asserting late payment of wages and failure to pay claims. *Pierre v. City of New York, et al.* (B&H Foto), No. 20-cv-05116-ALC, ECF No. 516 (S.D.N.Y. Nov. 15, 2024).
- $8,930,186.41 class and collective settlement for Officers asserting late payment of wages and failure to pay claims. *Pierre v. City of New York, et al.* (TD Bank), No. 20-cv-05116-ALC, ECF No. 499 (S.D.N.Y. Oct. 15, 2024).

24

**NEW YORK**     **CALIFORNIA**     **PENNSYLVANIA**     **GEORGIA**



- $2.9 million settlement for a collective of maintainers and custodians raising FLSA claims for late payment of wages and overtime. *Conte, et al. v. Metro. Transp. Auth., et al.*, No. 21-cv-02516-VEC (S.D.N.Y. Sept. 14, 2023).
- $7.25 million settlement for a collective of law enforcement officers claiming late payment of wages and failure to pay overtime. *Mercado, et al. v. Metro. Transp. Auth., et al.*, No. 20-cv-06533-AT (S.D.N.Y. July 5, 2023).
- $5.4 million settlement on behalf of a collective of Sergeants and Lieutenants challenging MTA's unfair employment and wage practices. *Feliciano, et al. v. Metro. Transp. Auth., et al.*, No. 18-cv-00026-VSB (S.D.N.Y. May 6, 2020).
- $500,000 settlement for an aggrieved employee asserting FLSA, NYLL, NYCHRL, and NYSHRL claims against her employer. *Goins v. BB&T Sec., LLC, et al.*, No. 1:20-cv-09891-PGG-JLC (S.D.N.Y. Jan. 6, 2022).
- $110,000 collective action settlement for workers' wage and hour claims. *Hall v. J. Caiazzo Plumbing & Heating Corp. et al.*, No. 1:21-cv-05416-ENV-SJB (E.D.N.Y. Sept. 28, 2021).
- $160,000 settlement for a collective of restaurant workers raising overtime and minimum wage claims. *Molina, et al. v. Huaxcuaxtla Rest. Corp., et al.*, No. 1:20-cv-02481-RWL (S.D.N.Y. Feb. 25, 2021).
- $425,000 settlement for unpaid wages and overtime on behalf of restaurant workers. *Sanchez, et al. v. Stonehouse Rest LLC, et al.*, No. 1:18-cv-01397-ST (E.D.N.Y. Feb. 4, 2021).
- $135,000 settlement of FLSA and NYLL overtime claims for a collective of workers. *Kuznetsov, et al. v. Bravura Glass and Mirror Corp., et al.*, No. 1:20-cv-00726-LB (E.D.N.Y. Dec. 23, 2020).
- $550,000 settlement for unpaid wages for a class of paramedic and ambulance workers. *Ackerman v. N.Y. Hosp. Med. Ctr. of Queens*, No. 702965/2013, NYSCEF Nos. 70 at 1-3; 80 (N.Y. Sup., Queens Cty. June 24, 2020).
- $462,500 class action settlement for wage-and-hour claims raised by restaurant workers. *Reeves, et al. v. La Pecora Bianca, Inc, et al.*, No. 151153/2018 (N.Y. Sup. Ct., June 11, 2020).
- $260,000 settlement of minimum wage and overtime claims. *Porrini v. McRizz, LLC, et al.*, No. 2:19-cv-03979(ARR)(RML) (E.D.N.Y. Aug. 16, 2022).
- $700,000 settlement for a class of drivers, representing an incredible 100% of their wage damages as well as an additional 75% of their liquidated damages stemming from their wage claims. *Morrell, et al. v. NYC Green Transp. Grp., LLC, et al.*, No. 1:18-cv-00918-PKC-VMS (E.D.N.Y. May 8, 2019).
- $1.425 million settlement for a class of servers and bartenders challenging unlawful service charge and tip retention practices. *Izzio, et al. v. Century Golf Partners Mgmt., L.P.*, No. 3:14-cv-03194-M (N.D. Tex. Feb. 13, 2019).
- $9.8 million settlement for unpaid wages and overtime for a class or grocery store employees. *Griffin, et al. v. Aldi, Inc.*, No. 5:16-cv-354 (LEK/ATB) (N.D.N.Y. Nov. 15, 2018).
- $5.6 million class action settlement for 2,917 class members nationwide. *Run Them Sweet, LLC v. CPA Global LTD, et al.*, No. 1:16-cv-1347-TSE-TCB (E.D. Va. Oct. 6, 2017).
- $51 million class action settlement. *Foster, et al. v. L-3 Commc'ns EoTech, Inc., et al.*, No. 6:15-cv-03519-BCW (W.D. Mo. July 7, 2017).
- $250,000 class action settlement for unpaid overtime and statutory damages. *Strong, et al. v. Safe Auto Ins. Grp., Inc., et al.*, No. 2:16-cv-765 (S.D. Ohio Aug. 28, 2017).

Ms. Huot has been designated a "Super Lawyer" each year since 2017 and has been selected for inclusion into the America's Top 100 High Stakes Litigators list. Ms. Huot is active in multiple bar associations,



including the Brooklyn Bar Association's Young Lawyers Section, American Bar Association's Section of Labor and Employment, and the National Employment Lawyers Association (NELA).

Ms. Huot earned her J.D., *magna cum laude*, from Pace Law School and her M.B.A. in Finance, *summa cum laude*, from Pace Lubin School of Business. Ms. Huot graduated from Syracuse University with a B.A., *summa cum laude*, in Political Science and International Relations.

Ms. Huot is licensed to practice law in New York, New Jersey, and Connecticut and is admitted to practice before the United States District Courts for the Southern District, Eastern District, Western District, and Northern District of New York, the District of New Jersey, and the Second Circuit Court of Appeals.

## KATHERINE M. LENAHAN

Katherine M. Lenahan is a Partner in Faruqi & Faruqi, LLP's New York office.

Prior to joining Faruqi & Faruqi, Ms. Lenahan practiced securities litigation at Entwistle & Cappucci LLP. Ms. Lenahan gained further experience through internships for the Honorable Sherry Klein Heitler, Administrative Judge for Civil Matters, First Judicial District, and the Kings County District Attorney's Office.

Ms. Lenahan graduated from Fordham University (B.A., Political Science, *magna cum laude*, 2009) and Fordham University School of Law (J.D., 2012). While at Fordham Law School, Ms. Lenahan served as an associate editor of the Fordham Intellectual Property, Media and Entertainment Law Journal and was a fellow at the Center on Law and Information Policy.

Ms. Lenahan is licensed to practice law in New York, and is admitted to the United States District Court for the Southern District of New York, and the United States Courts of Appeals for the Second and Ninth Circuits.

## LISA OMOTO

Lisa Omoto is a Partner in Faruqi & Faruqi, LLP's Los Angeles office and focuses her practice on consumer protection litigation.

Prior to joining the firm, Ms. Omoto was a litigator at a prominent defense firm where she defended corporations and individuals in a wide variety of complex disputes in federal and state courts.

Ms. Omoto graduated from Boston College (B.A., 2010) and Santa Clara University School of Law (J.D., 2014). She is licensed to practice law in the State of California, the United States District Courts for the Eastern, Central, Southern, and Northern Districts of California, and the United States Court of Appeal for the Ninth Circuit.

**NEW YORK**          CALIFORNIA          **PENNSYLVANIA**          GEORGIA



## SHAWN R. CLARK

Shawn Clark's practice is focused on employment litigation.  Mr. Clark is Of Counsel in the firm's New York office.

Mr. Clark represents workers in all aspects of high-impact employment litigation in federal and state courts.  Mr. Clark has litigated cases involving FLSA claims, state wage and hour violations, discrimination and harassment, retaliation, FMLA and ADA violations, breach of contract, and other employment-related violations. He has frequently appeared as first and second chair in bench and jury trials in the Southern and Eastern Districts of New York and has successfully recovered millions of dollars on behalf of his clients.

Prior to joining Faruqi & Faruqi, Mr. Clark worked as an attorney at a number of prominent New York firms representing employees in employment matters. Immediately following law school, Shawn began his legal career at the New York City Police Department and New York City Law Department as a legal fellow and Assistant Corporation Counsel.

Mr. Clark has been designated a Super Lawyers Rising Star each year since 2015 and has been selected for inclusion to the National Trial Lawyers Top 100 and the Million Dollar Advocates Forum. An active member of the legal community, Mr. Clark is a member of the National Employment Lawyers Association/New York and the Federal Bar Council.

Mr. Clark earned his J.D. in 2010 from New York University School of Law, where he was a Dean's Scholar and an Articles Editor for the Journal of Legislation and Public Policy. Mr. Clark graduated magna cum laude from the Macaulay Honors College at Hunter College with a Bachelor of Arts in Political Science and Religion.

Mr. Clark is licensed to practice law in New York and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York as well as the Second Circuit Court of Appeals.

## KATHRYN HETTLER

Kathryn Hettler is an Associate in Faruqi & Faruqi's New York office. Ms. Hettler's practice is focused on employment litigation.

Prior to joining Faruqi & Faruqi, Ms. Hettler spent nearly a decade at a mid-sized New York City law firm, where she represented employees on both an individual and class basis. Her practice included matters involving discrimination, harassment, retaliation, wage and hour violations, breach of contract



disputes, and other employment-related claims. Ms. Hettler has been recognized as a Super Lawyers Rising Star each year from 2019 through 2023.

Ms. Hettler earned her J.D. from Widener University School of Law, where she served on the Executive Board of the Moot Court Honor Society. She graduated from Bucknell University with a B.S. in Management and earned an MBA from Florida Atlantic University.

Ms. Hettler is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York, the District of New Jersey and the Eastern District of Michigan.

## DOLGORA DORZHIEVA

Dolgora Dorzhieva is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on securities litigation.

Prior to joining Faruqi & Faruqi, Ms. Dorzhieva practiced securities litigation at a national securities class action law firm, where she represented investors against entities including Google, Amazon, Deutsche Bank, Lucid Motors, and Twitter.

Ms. Dorzhieva graduated from the University of California, Berkeley, School of Law (2015), where she served as an Executive Editor of the *California Law Review*. She graduated *summa cum laude*, Phi Beta Kappa from City College of New York (2010).

Following graduation from law school, she clerked for the Honorable Edward M. Chen in the United States District Court for the Northern District of California.

## MATTHEW A. CONRAD

Matthew A. Conrad is an associate in the New York office of Faruqi & Faruqi. Mr. Conrad is focused on F&F's securities litigation practice.

Prior to joining Faruqi & Faruqi, Mr. Conrad was an associate at a regional defense firm where he represented business entities in construction, premises, and product liability actions in state and federal courts. While in law school, Mr. Conrad interned with the Financial Industry Regulatory Authority ("FINRA") and the New Jersey Bureau of Securities. Mr. Conrad also served as the Submissions Editor for Cardozo's International and Comparative Law Review.

Mr. Conrad earned his J.D. from Benjamin N. Cardozo School of Law (2018). As well, Mr. Conrad earned his undergraduate degree from the University of Maryland (2015).

Mr. Conrad is admitted to practice in New York State. Mr. Conrad is also admitted to practice in

28

**NEW YORK**         CALIFORNIA         **PENNSYLVANIA**         GEORGIA



the Southern District of New York.

## ALEXA N. SALAZAR

Alexa N. Salazar is an Associate in Faruqi & Faruqi's New York City office.  Ms. Salazar's practice is focused on Employment Law.

Prior to joining Faruqi & Faruqi, Ms. Salazar was an attorney at a New York City law firm where she represented employees on an individual and class basis in employment matters.

Ms. Salazar counseled her Spanish and English-speaking clients.  Ms. Salazar began her legal career practicing business immigration at a leading firm representing international clients.

Ms. Salazar earned her law degree from St. John's University School of Law (J.D. 2020).  As well, Ms. Salazar earned her undergraduate degree from Cornell University (B.S. 2016).

Ms. Salazar is licensed to practice law in New York and New Jersey.  As well, the Southern and Eastern Districts of New York State.

## ZACHARY M. WINKLER

Zachary Winkler is an associate in Faruqi & Faruqi's Philadelphia office.  Mr. Winkler's practice is focused on Consumer Protection.

Prior to joining Faruqi & Faruqi, Mr. Winkler practiced plaintiff-side class action litigation with a Philadelphia law firm.  Mr. Winkler's legal experience included representing individuals and organizations challenging corporate fraud and anticompetitive business practices.

Mr. Winkler earned his J.D from Georgetown University Law Center (J.D. 2020).  While at law school, Mr. Winkler was selected to the Barristers' Council honors society; competed with the trial advocacy team; and served as a Teaching Fellow.  As well, Mr. Winkler was named a Special Pro Bono Honoree in recognition of his 100+ hours of pro bono service. Also, during law school, he served as a legal fellow for Congressman Brendan F. Boyle and as a law clerk for the Honorable J.P. Howard III, District of Columbia Office of Administrative Hearings. Mr. Winkler received his undergraduate degree from Vanderbilt University (B.A. 2017).

Mr. Winkler is licensed to practice law in the Commonwealth of Pennsylvania.  Further, Mr. Winkler is admitted to practice before the U.S. District Court for the Eastern District of Pennsylvania.

## ANDREA L. BONNER

Andrea L. Bonner is an associate in Faruqi & Faruqi's Philadelphia office.  Ms. Bonner's practice is

29

**NEW YORK**          CALIFORNIA          **PENNSYLVANIA**          GEORGIA



focused on Consumer Protection.

Prior to joining Faruqi & Faruqi, Ms. Bonner was an associate at a Philadelphia based plaintiff-side class action litigation law firm where she represented individuals and organizations challenging corporate fraud and anticompetitive business practices.

Ms. Bonner earned her law degree from Villanova University School of Law (J.D. 2021). As well, her undergraduate degree from James Madison University (B.B.A. 2016).

Ms. Bonner is licensed to practice law in Pennsylvania and New Jersey. Further, Ms. Bonner is admitted to practice before the Eastern and Western Districts of Pennsylvania and the District of New Jersey.

## BRAEDEN HODGES

Braeden Hodges is an associate in the New York office of Faruqi & Faruqi, LLP and focuses his practice on securities litigation.

Prior to joining Faruqi & Faruqi, Mr. Hodges worked as a summer associate at a mid-sized law firm in Manhattan and interned for the Honorable Katherine Levine of the Kings County Supreme Court. Braeden is a graduate of Brooklyn Law School (J.D., 2024) and the University of Alabama (B.S., 2021). While at Brooklyn Law School, Mr. Hodges served as Editor-in-Chief of the *Brooklyn Journal of Corporate, Financial & Commercial Law* and competed with the Moot Court Honor Society's Appellate Division.

Mr. Hodges is licensed to practice law in New York.

## JONATHAN GOLDHIRSCH

Jonathan Goldhirsch is an Associate in Faruqi & Faruqi's New York office. Mr. Goldhirsch's practice is focused on employment litigation.

Prior to joining Faruqi & Faruqi, Mr. Goldhirsch gained experience at a prominent New York City firm where he represented clients in discrimination and sexual harassment matters. At law school, Mr. Goldhirsch received the Labor & Employment Graduate Award and was Research Editor of the Hofstra Law & Employment Journal.

Mr. Goldhirsch earned his law degree from the Maurice A. Deane School of Law, Hofstra University. As well, Mr. Goldhirsch graduated summa cum laude from the Macaulay Honors College at Hunters College with a Bachelor of Arts in Political Science.

Mr. Goldhirsch is licensed to practice law in New York, New Jersey and Pennsylvania and is admitted to practice before the United States District Courts for the Southern District, Eastern District, and

30



Northern District of New York, and the Second Circuit Court of Appeals.

## KAYLA A. HOLMES

Kayla A. Holmes is an associate in the New York office of Faruqi & Faruqi, LLP and focuses her practice on securities litigation.

Prior to joining Faruqi & Faruqi, Ms. Holmes practiced commercial litigation and construction law at a small firm.

Ms. Holmes graduated from the University of Minnesota – Twin Cities (B.S., 2020) and the University of Wisconsin Law School (J.D., 2024). While at the University of Wisconsin, Ms. Holmes served as a Managing Articles Editor of the *Wisconsin Journal of Law, Gender & Society* and interned with the Office of the New York State Attorney General in the Investor Protection Bureau.

Ms. Holmes is licensed to practice law in the State New York, the State of Wisconsin and the Western District of Wisconsin.

## ELLEN LEE

Ellen Lee is an associate in the New York office of Faruqi & Faruqi LLP and focuses her practice on securities litigation.

Ms. Lee graduated from New York Law School (2024). During law school, she clerked for Judge Wanda Negron and interned for the Kosovo Specialist Chambers. She also graduated *summa cum laude* from Rutgers University (2019).

Ms. Lee is licensed to practice law in the State of New York.