**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| J M SMITH CORPORATION d/b/a SMITH DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>NOVO NORDISK INC. and NOVO NORDISK A/S,<br>     *Defendants*. | Civil Action No. 1:26-cv-00420-BMC |

~~[PROPOSED]~~ **ORDER REGARDING INTERIM CO-LEAD CLASS COUNSEL**

Plaintiff has filed a motion under Fed. R. Civ. P. 23(g) seeking appointment of interim class counsel.

**AND NOW**, this <u> 7th </u> day of March 2026, it is hereby **ORDERED** as follows:

1. Unless and until a further Order of this Court determines otherwise, this Order applies to this and any action subsequently filed in or transferred to this Court involving claims that defendants engaged in an unlawful scheme to delay generic competition to their Victoza market monopoly in violation of the antitrust laws.

2. Pursuant to Fed. R. Civ. P. 23(g), the Court designates the following firms to act as interim co-lead counsel on behalf of the proposed class of Direct Purchaser Plaintiffs in this case ("Interim Co-Lead Counsel"), with the responsibilities hereinafter described:

| **FARUQI & FARUQI, LLP** | **GARWIN, GERSTEIN & FISHER, LLP** |
|---|---|
| **Peter Kohn**<br>1617 JFK Blvd, Suite 1550<br>Philadelphia, PA 19103<br>Tel: (215) 277-5770<br>pkohn@faruqilaw.com<br><br>**Bradley J. Demuth** | **Bruce E. Gerstein**<br>**Dan Litvin**<br>88 Pine Street, 28th Floor<br>New York, NY 10005<br>(212) 398-0055<br>bgerstein@garwingerstein.com<br>dlitvin@garwingerstein.com |

1

685 3rd Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330
bdemuth@faruqilaw.com

3.      Interim Co-Lead Counsel, working together in a coordinated fashion, shall have sole authority over the following matters on behalf of Direct Purchaser Plaintiffs and the proposed Direct Purchaser Class in this case:  (a) communication with the Court; (b) communication with defense counsel; (c) convening meetings of Direct Purchaser Plaintiffs' counsel; (d) initiation, response, scheduling, briefing, and argument of all motions; (e) the scope, order, and conduct of all discovery proceedings; (f) making such work assignments among themselves and other counsel as they may deem appropriate; (g) collecting time and expense reports from all Direct Purchaser Plaintiffs' counsel on a periodic basis; (h) the retention of experts; (i) designation of which attorneys shall appear at hearings and conferences with the Court; (j) the timing and substance of any settlement negotiations with defendants; (k) all financial expenditures; (l) the allocation of fees, if any are awarded by the Court; and (m) other matters concerning the prosecution of the case.

4.      All counsel for Direct Purchaser Class Plaintiffs and the proposed Direct Purchaser Class shall keep contemporaneous time records and shall periodically submit summaries or other records and expenses to Interim Co-Lead Counsel or their designees.

**SO ORDERED**.

_Brian M. Cogan_

**U.S.D.J.**

2