UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

In re Victoza (liraglutide) Antitrust Litigation

This Document Relates to:
ALL ACTIONS

**CIVIL CASE MANAGEMENT PLAN**

1:26-cv-00420 (BMC)

------------------------------------------------------------X

COGAN, District Judge.

After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Federal Rules Civil Procedure 16 and 26(f).

**A.**    The case is to be tried to a jury.

**B.**    Non-Expert Discovery:

1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by May 19, 2027, which date shall not be adjourned except upon a showing of good cause and further order of the Court.  Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date. The Court has entered a Discovery Schedule. ECF No. 42.

2.    Joinder of additional parties must be accomplished by the later of: (i) October 31, 2026; or (ii) sixty (60) days after the Court's ruling on Defendants' pending Motion to Dismiss. An amendment to a pleading solely to reflect joinder of additional parties accomplished within the period set forth above shall not require leave of court under Federal Rule of Civil Procedure 15(a)(2). Joinder of additional parties thereafter shall require leave of court.

3. Amended pleadings may be filed without leave of the Court until May 22, 2026 per Fed. R. Civ. P. 15(a)(1)(B) and ECF No. 33.

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment A, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment A shall be filed providing such information.

D. Motions:

1. Upon the conclusion of non-expert discovery, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

2. The last day for filing a letter, pursuant to Rule ~~III.A.2~~ III.B.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be proposed by the parties as part of their discussions on the schedule through trial. (Counsel shall insert a date one week after the completion date for non expert discovery.)

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

E. Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**G.**    Additional Matters:

1.    Case Management Beyond Fact Discovery: The Purchaser Plaintiffs have proposed case scheduling beyond fact discovery in preparation for trial to commence by summer 2028.  The parties continue to discuss such scheduling issues.

2.    Discovery Protocols: The parties are working toward agreement on protocols for managing electronically stored information, confidentiality, and privilege logs. The parties will submit to the Court either agreed-to proposed protocols or their disputes by May 15, 2026.

3.    Depositions:

a.    Numerical Limits on Party Depositions: The parties continue to discuss the appropriate numerical limits that should apply to each side's taking of party depositions (inclusive of Rule 30(b)(6) depositions), and will raise the issue with the Court if needed.

b.    30(b)(6) Depositions: Any Rule 30(b)(6) deposition of a named party noticed by the Purchaser Plaintiffs or defendants Novo Nordisk Inc. and/or Novo Nordisk A/S (together, "Novo Nordisk") counts as one deposition no matter the number of witnesses designated to testify, unless the deposition exceeds 7 hours. In the event that a Rule 30(b)(6) deposition exceeds 7 hours, the additional hours shall count as an additional deposition or the pro rata portion of an additional deposition (e.g., if a Rule 30(b)(6) deposition lasts 14 hours, it shall count as 2 depositions out of the total party depositions allocated per side; if a Rule 30(b)(6) deposition lasts 10.5 hours, it shall count as 1½ depositions out

of the total party depositions allocated per side). Subject to the per-side deposition cap, the parties are not precluded from seeking the deposition of a Rule 30(b)(6) designee in his or her individual capacity. For the avoidance of doubt, any such deposition shall count as a separate deposition from the 30(b)(6) deposition.

    c.    Expert and Third Party Depositions: Expert depositions and depositions of third parties (other than former employees of the parties) shall not count against the parties' deposition limits set forth above. In the event that Purchaser Plaintiffs and Novo Nordisk notice the same third-party witness for deposition, the parties will meet and confer regarding the allotted time each side will be afforded to question the third-party witness. If unable to reach agreement, the parties will promptly raise their disputes with the Court.

4.    Coordinated Discovery and Pretrial Proceedings: The parties agree to work together to avoid duplicate discovery or undue burden, including scheduling depositions to avoid the need to depose an individual more than once.

5.    Settlement: The parties have conferred and do not anticipate being able to promptly resolve their differences.

**SO ORDERED.**

Dated:  Brooklyn, New York
         _____ __, 2026

                                 U.S.D.J.

## ATTACHMENT A

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1.  **PLAINTIFF'S CLAIMS:** The direct purchasers allege that Novo Nordisk engaged in an unlawful monopolization scheme to delay generic competition to its Victoza (liraglutide) monopoly in violation of Section 2 of the Sherman Act and thereby caused damages to the direct purchasers in the form of overcharges.  Direct purchasers would have paid substantially lower prices with earlier generic Victoza entry.  The total amount of overcharge damages will be the subject of discovery and expert analysis and opinion and provided by the close of expert discovery, but damages are preliminarily estimated to be hundreds of millions of dollars or more.  The end payors similarly seek overcharge damages but under state antitrust and consumer protection laws, the determination of which will be the subject of discovery and expert analysis and opinion, and provided by the close of the expert discovery period.

2.  **COUNTERCLAIMS AND CROSS-CLAIMS:** Not applicable.

3.  **THIRD-PARTY CLAIMS:**  Not applicable.