**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Victoza (liraglutide) Antitrust Litigation | C.A. No. 1:26-cv-420-BMC |
| This Document Relates To:<br>ALL ACTIONS | |

## [PROPOSED] CONFIDENTIALITY STIPULATION & ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties to the above-captioned case and any other matters subsequently consolidated with this case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the parties or non-parties in the Litigation (including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony), regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or nonparty during discovery in this Litigation or any information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     **Persons/Entities Covered.** This Order is binding upon all current and future parties to this Litigation and their respective counsel, agents, representatives, officers and employees, and any others set forth in this Order. A non-party that responds to any discovery request or otherwise participates in this Litigation may avail itself of, and agree to be bound by,

the terms and conditions of this Order. The parties to this Litigation shall attach a copy of this Order to any discovery request to a non-party.

2.      **<u>Designation of Materials</u>.** Any party or non-party responding to discovery requests or providing materials in connection with this Litigation ("Producing Entity") may designate all, or any part, of a document, discovery response, deposition, or other material as Confidential Material or Highly Confidential Material (as defined herein) based on a good faith belief that such materials qualify for that designation under the terms of this section.

a.      "Confidential Material" shall mean any information, testimony, or tangible things obtained during discovery that is entitled to protection under Fed. R. Civ. P. 26(c); and personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure, such as protected health information and personally identifiable information.

b.      "Highly Confidential Material" shall mean any Confidential Material that, if disclosed to another party or non-party, is likely to create a material risk of competitive or commercial disadvantage, or significant harm to an individual. Highly Confidential Material includes, but is not limited to: trade secrets; non-public research or analysis; customer information; financial, marketing, or strategic business planning information; information relating to pricing, sales, volumes, profits, revenues or costs; information relating to research, development, testing of, or plans for, existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party or non-party in its present or proposed commercial production of such products; information relating to pending or abandoned patent applications which have not been made available to the public; personnel files; or communications regarding any Highly Confidential Material.

2

c.     Any document produced by a Producing Entity in this Litigation may be designated as Confidential Material by marking it "CONFIDENTIAL" on the face of the document at the time of production. Any document produced by a Producing Entity in this Litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL" on the face of the document at the time of production. For electronic documents and other non-paper media that cannot be marked, a Producing Entity may designate such material as Confidential Material or Highly Confidential Material, as appropriate, by noting such designation in an accompanying cover letter, including the appropriate confidentiality designation in the load file provided with the electronic production, including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production, or using any other means that reasonably notifies the receiving party (hereinafter, "Receiving Party") of the designation.

d.     Testimony provided in this Litigation may be designated as Confidential Material or as Highly Confidential Material by a Producing Entity if the testimony concerns or relates to that party's or non-party's Confidential Material or Highly Confidential Material. The person desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material may do so by stating orally on the record on the day that the testimony is being given, either personally or through counsel. Additionally, a Producing Entity may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other parties in writing within thirty (30) days of receipt of the final, official (non-draft) transcript and/or video that contains Confidential Material or Highly Confidential Material and, if appropriate, designating the specific pages and/or lines as

3

containing Confidential Material or Highly Confidential Material. All transcripts and/or videos shall be treated as Highly Confidential Material and subject to this Order until thirty (30) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) is received. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with this paragraph within thirty (30) days after a final, official (non-draft) transcript and/or video of the deposition (or other testimony) is received shall not be entitled to the protections afforded under this Order, except upon a showing of good cause.

e.      Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, any filings, and other materials from underlying patent litigations involving any of the parties in this Litigation, that were designated therein as "Confidential" shall be treated as "Confidential" material under this Order, unless the Court orders otherwise. Any document produced (or material containing information from a document produced), any deposition transcripts or exhibits, any expert reports, any filings, and other materials from underlying patent litigations involving any of the parties in this Litigation, that were designated therein as "Highly Confidential" shall be treated as "Highly Confidential" Material under this Order, save for those designated as "Outside Counsel Eyes' Only," which shall be afforded the same protection in this litigation as in the underlying patent case; unless the original source of the material agrees to a different designation, the document is now public, or the Court orders otherwise.

f.      Any Producing Entity who has designated material Confidential or Highly Confidential may change or remove that designation by notifying all counsel of record in this Litigation in writing.

4

g.    Notwithstanding any of the foregoing, information shall be presumed nonconfidential material under this Order if it is in the public domain.

3.    **Individuals to Whom Confidential Material May Be Disclosed.**

Unless otherwise ordered by the Court or permitted in writing by a Producing Entity, Confidential Material may be used only in connection with this Litigation, and disclosure of Confidential Material may be made only to:

a.    The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category hereinafter referred to as "Court").

b.    Attorneys retained by a Party in this Litigation ("Outside Attorneys") and their employed or retained secretaries, paralegals, legal assistants, or inhouse support services.

c.    Third-party support services or vendors retained by Outside Attorneys (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) to provide services in this litigation and who have signed the Agreement to Be Bound attached hereto as Exhibit A.

c.    Attorneys who serve as in-house counsel to a Party to this Litigation ("In-House Counsel"), excluding all other in-house personnel, to whom disclosure is reasonably necessary for this litigation so long as they are provided a copy of this Protective Order and have signed the Agreement to Be Bound (Exhibit A).

d.    Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation (this category hereinafter referred to as "Court Reporters").

e.    Any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant) who is retained by or for the benefit of any of the parties

5

in this Litigation to assist counsel in this Litigation (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed the attached Exhibit A.

f.     Any mediators engaged by the parties or appointed by the Court and their support staff ("Mediators").

g.     Any person who Outside Attorneys have a good faith basis to believe authored or previously received the material, or had reason to know its substance.

h.     Any person who has been designated as a Rule 30(b)(6) witness by a Producing Entity with respect to that Producing Entity's Confidential Materials.

i.     During the conduct of court proceedings or depositions, witnesses in the Litigation, provided, however that such disclosure shall only be made to a witness who has signed the Agreement to Be Bound (Exhibit A) and:

(1) who is a current employee, officer, or director of the Producing Entity to whom disclosure is reasonably necessary for this Litigation;

(2) who is a former employee, officer, or director of the Producing Entity and who would have received or known of or had access to the content of the material in the ordinary course of that employment or work for the Producing Entity; or

(3) who is an author or recipient of the material in question, or if there are other indicia that the witness has seen the document previously or would have known the substance of the document.

j.     Any other person the Producing Entity agrees to in writing or as ordered by the Court.

6

4. **<u>Individuals to Whom Highly Confidential Material May Be Disclosed.</u>**

Unless otherwise ordered by the Court or permitted in writing by the Producing Entity, Highly Confidential Material may be used only in connection with this Litigation, and disclosure of Highly Confidential Material may be made only to:

a. The Court;

b. Outside Attorneys and their employed or retained secretaries, paralegals, legal assistants, or inhouse support services.

c. Third-party support services or vendors retained by Outside Attorneys (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) to provide services in this litigation and who have signed the Agreement to Be Bound attached hereto as Exhibit A.

d. In-House Counsel, but only the following categories of documents necessary to facilitate management of this Litigation:

(1) all draft pleadings, motions, and briefs to which the party will be a signatory;

(2) all draft expert reports prepared on behalf of the party; and

(3) all filed pleadings, motions, and briefs and all served expert reports, in unredacted form, that refer to or contain Highly Confidential Material;

and further subject to the following conditions:

(a) In-House Counsel are not permitted to review any of the underlying documents that are designated as Highly Confidential

7

Material that are cited in or referred to in the draft pleadings, expert reports, motions, or briefs (absent separate permission from the Producing Entity);

(b)      In-House Counsel access to Highly Confidential Material will be available to no more than three designated In-House Counsel for each party, if and only if such In-House Counsel have primary responsibility for managing this Litigation and do not participate in—other than to the extent they provide legal advice regarding—non-legal related business activities or decision-making in the ordinary course of their employment and do not engage in the preparation or prosecution of any patent application; and

(c)      each designated In-House Counsel must execute the Agreement to Be Bound attached hereto as Exhibit A;

e.      Court Reporters;

f.      Experts (subject to all of the restrictions and conditions set forth in paragraph 3(e)), including the requirement that the expert or consultant execute the agreement annexed hereto as Exhibit A);

g.      Mediators;

h.      Any person who Outside Attorneys have a good faith basis to believe authored or previously received the material.

i.      Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity on a related subject with respect to that Producing Entity's Highly Confidential Materials; and

8

j.      During the conduct of court proceedings or depositions, witnesses in the Litigation; provided, however, that such disclosure shall only be made to a witness who has signed the Agreement to Be Bound (Exhibit A) and:

(1)      who is a current employee, officer, or director of the Producing Entity to whom disclosure is reasonably necessary for this Litigation;

(2)      who is a former employee, officer, or director of the Producing Entity and who would have received or known of or had access to the content of the material in the ordinary course of that employment or work for the Producing Entity; or

(3) who is the author or recipient of the material in question, or if there are other indicia that the witness has seen the document previously or would have known the substance of the document.

k.      Any other person the Producing Entity agrees to in writing or as ordered by the Court.

5.      **Handling of Confidential Material and Highly Confidential Material.**

All material designated Confidential or Highly Confidential shall remain in the possession of the individuals authorized to receive such materials under this Order, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of those assisting the Attorneys and other individuals authorized to receive such materials in connection with this Litigation, and copies may be submitted to the Court.

9

6. **<u>Inadvertent Failure to Designate Confidentiality.</u>**

In the event that a Producing Entity produces a confidential document, paper, or thing without having previously marked it Confidential or Highly Confidential, or has produced two or more copies of the same document, paper, or thing designated both as Confidential and Highly Confidential, the Receiving Party shall, upon a written request from the Producing Entity, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Producing Entity states should have been affixed to it. The Producing Entity must re-produce the document, paper, or thing with the appropriate confidentiality designation unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). Each Receiving Party will then replace the incorrectly designated materials with the newly designated materials and will use its best efforts to destroy the incorrectly designated materials to the extent reasonably possible. The failure of a party or person to designate a document as Confidential or Highly Confidential at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. Nevertheless, no party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials shall be treated as Confidential or Highly Confidential in accordance with this Order. If material not designated is, at the time of the later designation, already filed with the Court on the public record, the party or person that failed to make the designation shall move for appropriate relief.

7. **Challenge to a Confidentiality Designation.**

a. A Receiving Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time the document is received. A Receiving Party's failure to make a challenge at any previous time, including after acceptance or receipt of material with a confidentiality designation, shall not prejudice its right to do so.

b. A Receiving Party wishing to challenge a Confidential or Highly Confidential designation assigned by the Producing Entity shall give notice by written communication of such challenge to counsel for the Producing Entity, specifying Bates number(s) or other form of identification (if Bates number(s) are not on such materials) with the specific reasons that party believes the materials should not be subject to the designation.

c. Within seven (7) business days of receipt of written notice that the Receiving Party objects to the confidentiality designation, counsel for the Producing Entity shall meet and confer with counsel for the Receiving Party to attempt to resolve the designation dispute.

d. If no resolution is reached, the Receiving Party may move the Court for an order removing the challenged material from the restrictions of this Order, and any papers filed in support of or in opposition to this motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the Producing Entity to demonstrate the propriety of the confidentiality designation.

e. Until the parties or the Court resolves a challenge to the designation of Confidential Material or Highly Confidential Material, the asserted confidentiality designation shall remain in full force and effect.

8. **Filing Confidential Material and Highly Confidential Material.**

11

a.      Any documents that have been designated as Confidential or Highly Confidential that are filed with the Court shall be provisionally filed under seal. Within ten (10) business days, the Producing Entity may file a motion seeking to maintain the seal. If no motion to seal is filed within ten (10) business days, then the filing party will promptly file unredacted copies of such documents on the public docket.

b.      To the extent that a brief, memorandum, or pleading references Confidential Material or Highly Confidential Material, the filing party must file an unredacted version of the brief, memorandum, or pleading, and any exhibits thereto that contain Confidential Material or Highly Confidential Material provisionally under seal. Within ten (10) business days, the Producing Entity may file a motion seeking to maintain portions of the brief, memorandum, pleading, or exhibits thereto under seal, only to the limited extent necessary to prevent public disclosure of the Confidential Material or Highly Confidential Material. To the extent such a motion is granted, the Producing Entity will meet and confer with the filing party to file a redacted version of such brief, memorandum, or pleading, which redacts references to Confidential Material or Highly Confidential Material for the public docket, to the extent allowed by the Court. If no motion to seal is filed within ten (10) business days, then the filing party will promptly file such documents on the public docket.

c.      To the extent that a non-party Producing Entity's Confidential Material or Highly Confidential Material is filed under seal, the filing party shall inform the producing non-party within three (3) days of the initial provisionally sealed filing so that the non-party Producing Entity may seek to file a motion to seal or a declaration in support of any motion to seal to be filed by a party.

d.      For the avoidance of doubt, designation of a document as Confidential or

12

Highly Confidential is not a basis for sealing. The Court retains sole discretion to determine whether any documents, briefs, memoranda, other documents, or any portions thereof shall remain under seal pursuant to the governing standards in this Circuit.

9. **Use of Confidential Material and Highly Confidential Material.**

a. All documents produced in discovery, and all materials designated Confidential and Highly Confidential, shall be used solely in furtherance of the prosecution, defense, or attempted settlement of this Litigation or in related litigation by the same parties enforcing any subpoena served in connection with the Litigation or enforcing any judgment related to the Litigation, and shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or Highly Confidential must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

b. Notwithstanding any contrary provision in this Order, a party is permitted to disclose Confidential Material and Highly Confidential Material to the extent required by a valid subpoena or court order in other litigation provided that the procedures in this Order are followed. The party that receives a valid subpoena or other court order (the "Subpoenaed Party") must provide the Producing Entity with written notice of such subpoena or other legal process, via electronic mail, as soon as possible and no later than five (5) business days from the date on which counsel of record in this Litigation receives the subpoena or a lesser period if ordered by a court (the "Response Period"), in order to afford the Producing Entity an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with a copy to the Producing Entity) that providing the information may be a violation of this Order. After

13

receipt of the notices specified by this paragraph, the Producing Entity shall be responsible for obtaining any order it believes necessary to prevent disclosure of the confidential information that has been subpoenaed or requested. If the Producing Entity does not move to quash and/or for a protective order within the time allowed for production by the subpoena or request (or within such times as a court may direct or as may be agreed upon by the parties) or notifies the Subpoenaed Party in writing that it will not file a motion, the Subpoenaed Party may commence production in response to the subpoena or request. The Subpoenaed Party will not produce any of the Confidential Material or Highly Confidential Material while a Producing Entity's motion to quash and/or for a protective order is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of the Confidential or Highly Confidential Material that is subject to this Order. Production of any Confidential or Highly Confidential Material pursuant to a court order shall not be deemed a violation of this Order. Nothing herein shall be construed as requiring the Subpoenaed Party to subject itself to any penalties for non-compliance with any subpoena, access request, or legal process or to seek any relief from the Court.

c.      Nothing in this Order shall prevent a party to this Litigation from using its own Confidential Material or Highly Confidential Material. If any Confidential Material or Highly Confidential Material is filed in the public record by the Producing Entity, such public filing shall constitute the Producing Entity's waiver of the designation of that material for its use by any party in this Litigation. If a Producing Entity has made such a public filing inadvertently, the Producing Entity has five (5) business days from the filing to seek relief to correct the filing. Failure to make the filing within the time shall constitute a waiver of the designation.

d.      Nothing in this Order shall be construed to prejudice any party's right to

14

use Confidential Material or Highly Confidential Material in any hearing or other pre-trial proceeding before the Court, subject to any party's right to challenge any such use and the parties' obligations to meet-and-confer in an effort to resolve that challenge before use of Confidential Material or Highly Confidential Material is used in any hearing or pretrial proceeding.

e.      Further procedures for the handling of Confidential Material or Highly Confidential Material at trial may be addressed in a final pretrial order. Prior to the entry of a final pretrial order, the parties shall meet and confer to negotiate a proposal, if any, for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential.

10.     **<u>Unauthorized Disclosure of Confidential or Highly Confidential Material</u>**.

a.      If any person subject to this Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential Material or Highly Confidential Material to someone not authorized to receive such material under this Order, counsel for the party involved shall use his or her best efforts to obtain the return or destruction of all improperly disseminated copies of such materials (including hardcopies and electronic versions) and to prevent any further improper dissemination of the same. The party shall also notify the Producing Entity's counsel in writing of the unauthorized disclosure and, if the Producing Entity so requests, provide a copy of this Order to the unauthorized person who received Confidential Material or Highly Confidential Material and request such person to sign the agreement annexed hereto as Exhibit A.

b.      The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

15

11. **Non-Parties.**

a. If information sought in a discovery request implicates a Producing Entity's obligation to a non-party not to disclose such information, then promptly upon learning of any reasonably applicable confidentiality obligation to a non-party (i.e., within five (5) days), the Producing Entity shall provide the non-party written notice of the pending request and a copy of this Order.

b. If neither the non-party nor the Producing Entity seeks a protective order or other relief from this Court within 14 days of that notice, the Producing Entity shall produce the information responsive to the discovery request but may affix the appropriate controlling designation. If the non-party or Producing Entity timely seek a protective order, the Producing Entity shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

c. If any discovery requests are served on a non-party, the party serving the discovery request(s) shall, at the time of service, provide the non-party with a copy of this Order. Documents produced by non-parties in this Litigation that consist of or contain portions of documents originally created or generated by a party to this Litigation shall be treated as Highly Confidential until the expiration of a reasonable amount of time (not to exceed thirty (30) days) after the production. During that period, if any party believes a non-party has produced information which the party believes should be designated as Confidential or Highly Confidential, that party may notify the non-party and other parties of the designation that it believes should apply. The party providing such notification will then be deemed a Producing Entity with respect to such documents and such documents shall be treated as Confidential

16

Material or Highly Confidential Material, as designated by the party. For avoidance of doubt, nothing in this section (nor any confidentiality designations pursuant to this section) shall preclude use of information produced by any non-party with any witnesses that are former or current employees, contractors, agents, affiliates, or counsel of the non-party.

12. **Further Application.**

Nothing in this Order shall preclude any party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific materials if the need should arise during the Litigation. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to carry out the terms of this Order.

13. **Reservation of Rights.**

a.       By designating any material Confidential or Highly Confidential, the parties do not acknowledge that any such material is relevant or admissible in this Litigation. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Litigation.

b.       Nothing in this Order shall prohibit a party from using or disclosing publicly available or independently discovered information, unless the party is aware that the information has become public improperly or inadvertently.

c.       Nothing in this Order prevents any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

14. **Modification.**

The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice. Furthermore, nothing in this Order shall

17

prejudice the right of the parties to stipulate (subject to Court approval), or to move to amend or modify this Order in the interest of justice.

15. **Conclusion of this Litigation.**

a. The provisions in this Order will not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the parties or by an order of this Court.

b. After at least one hundred and eighty (180) days have passed following the final disposition of this Litigation, whether by adjudication on the merits from which there remains no right of appeal or by other means, each Producing Entity may request, in writing, that each Receiving Party undertake reasonable efforts (i) to return to the Producing Entity or destroy all Confidential Material or Highly Confidential Material (including but not limited to copies in the possession or control of any expert(s) or employee(s)), and (ii) to certify in writing to the Producing Entity that all such material has been returned or destroyed to the extent practicable. The Receiving Party shall provide such written confirmation within thirty (30) days of receiving such a request. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the parties shall be entitled, without violating this Order, to retain such work product in their files, so long as the terms of this Order will continue to govern any such retained materials.

d. Counsel shall be entitled, without violating this Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any papers filed with the Court (including exhibits), deposition transcripts (including exhibits), hearing transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential Material or Highly

18

Confidential Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

SO ORDERED, this __ day of _____, 2026.

_____
U.S.D.J.

**Stipulated and agreed**:

By:   _/s/ Andrew Lazerow_

Andrew Lazerow
Ashley Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
alazerow@cov.com
abass@cov.com

*Counsel for Defendants Novo Nordisk Inc.*
*and Novo Nordisk A/S*

By:   _/s/ Bradley Demuth_

Bradley J. Demuth
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017
(212) 983-9330
bdemuth@faruqilaw.com

Peter Kohn
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com

Bruce E. Gerstein
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 28th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com

*Counsel for Plaintiff J M Smith Corporation and Interim Co-Lead Counsel for the Direct Purchaser Class*

By: /s/ Brian D. Brooks

Brian D. Brooks
Greg Linkh
Lee Albert
**GLANCY PRONGAY WOLKE & ROTTER LLP**
230 Park Avenue, Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com
bbrooks@glancylaw.com
lalbert@glancylaw.com

Justin N. Boley
Tyler J. Story
Margaret L. Shadid
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
jnb@wbe-llp.com
tjs@wbe-llp.com
ms@wbe-llp.com

Joey P. Leniski, Jr.
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
joey@hsglawgroup.com

Todd Seaver
Carl N. Hammarskjold
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

*Counsel for Plaintiff Teamsters Local 237 Retiree Fund and Uniformed Fire Officers Association Retired Officers Family Protection Plan*

20

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, am employed by _____.

I acknowledge and certify as follows:

1.      I have read the Protective Order in *In re Victoza (liraglutide) Antitrust Litigation*, Case No. 1:26-cv-420-BMC, United States District Court for the Eastern District of New York, and agree to be bound by its terms.

2.      I will not make copies or notes of Confidential Material or Highly Confidential Material except as necessary to enable me to render assistance in connection with this Litigation.

3.      I will not disclose Confidential Material or Highly Confidential Material to any person not expressly entitled to receive it under the terms of the Protective Order and will retain any such material in a safe place.

4.      I will not use Confidential Material or Highly Confidential Material for any purpose other than that authorized by this Protective Order.

5.      I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.

Dated: _____            Signature: _____

                                    Address: _____

                                    _____