**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Victoza (liraglutide) Antitrust Litigation | C.A. No. 1:26-cv-420-BMC |
| This Document Relates To:<br>ALL ACTIONS | |

**PRIVILEGE PROTOCOL STIPULATION & ORDER**

The parties to the above-referenced litigation ("Antitrust Litigation"), through their respective counsel of record, hereby stipulate, subject to approval by the court, to the following protocol for the privilege issues addressed below:

**I.       Privilege Log**

1.       Pursuant the Federal Rules of Civil Procedure, all redactions and/or other withholdings from discovery on the grounds of attorney-client privilege, work product protection, or similar grounds (each encompassed by the term "privilege" as used hereafter), must be logged.  *See* Fed. R. Civ. P. 26(b)(5)(A).

2.       Documents and information may be withheld or redacted only to the extent necessary to protect the privilege(s) claimed or as required by applicable law.

3.       The logging party bears the burden of establishing that any document, communication, information, or other content that is withheld in whole or in part on the basis of any privilege(s) claimed is in fact privileged and/or otherwise properly withheld.  None of the following shifts or changes that burden.

**A.       Privilege Log Contents**

4.       If a Party withholds a document (fully or in redacted form) otherwise discoverable by claiming that it is privileged, that Party shall produce a privilege log consistent with Rule 26(b)(5)(A), except as otherwise described below.

5.      The privilege log must be produced in XLS or XLSX format and detailed enough to enable other Parties to assess the applicability of the privilege asserted and should include for each withheld document (as applicable and to the extent reasonably available) at least the following information (whether by column heading or otherwise):

a.      a unique document identification number;

b.      Bates range (if applicable, including for all redacted documents and communications);

c.      family relationship, if applicable (*i.e.*, identification of the parent email and all its associated attachments);

d.      date (for transmitted documents such as emails, memos, and letters, the date sent or received; for all other documents, the creation and modified dates, to the extent applicable);

e.      the "subject" or "re" line;

f.      from (including email address metadata);

g.      to (including email address metadata);

h.      cc (including email address metadata);

i.      bcc (including email address metadata);

j.      custodian;

k.      file name;

l.      the document extension (e.g., .msg, .pptx, etc.);

m.      file size;

n.      page count;

o.      all privilege(s) or protection(s) claimed; and

p.      a description of the document, its subject matter, and its contents per Fed. R. Civ. P. 26(b)(5) sufficient to establish the privilege(s) claimed.

6.      Each log entry shall identify all attorneys by adding an asterisk [*] by their last name.  If no attorney is identified in an applicable log entry's author(s), sender(s), or recipient(s) columns, the producing party must identify by name in the description column the applicable individual attorney(s) providing the basis for the privilege(s) claimed.

2

7.      The producing party shall separately provide a key or legend identifying all logged attorneys and will use reasonable efforts to provide: (i) last name; (ii) first name; (iii); email address(es); (iv) employer; (v) business title; and, if outside counsel (vii) the specific entity represented.

8.      The producing party agrees to discuss in good faith to provide additional information.

9.      To the extent possible, available file metadata may be used to complete the fields in the privilege log.

**B.      Logging Email Chains and Document Families**

10.      When assessing an email chain,[1] the producing party will review each individual email in the chain and redact only the specific communications and/or portion(s) thereof that are privileged.  The email chain may then be logged in a single entry provided: (a) the grounds for the asserted privilege apply to all the withholdings claimed in the email chain; and (b) the entire chain is otherwise produced with all non-privileged email header information (to, from, cc, bcc, date, subject, etc.) for each email in the chain left unredacted.

11.      When assessing a document family,[2] the producing party will review each individual document within the family and will redact or withhold only the documents, or portion(s) thereof, that are privileged.  The document family may then be logged in a single entry provided: (a) the grounds for the asserted privilege apply to all the withholdings claimed in the document family; and (b) in those instances where the parent document is otherwise privileged,

---

[1] Multiple communications that are sent, replied to, and/or forwarded, and accordingly linked by how they are maintained are referred herein simply as "email chains" but are also known by a variety of other monikers, including email "threads," "strands," and "strings."
[2] Document "families" are groupings of otherwise separate documents, such as a covering "parent" email and its attachment(s) ("children").

it is nevertheless produced with all non-privileged email header information, including the file name(s) of its attachment(s) (or, for non-email document families, comparable header and attachment indicators), left unredacted.

### C. Logging Exemptions

12.     Unless otherwise ordered by the Court, the parties shall not be required to log privileged materials concerning:

a.      Documents and/or communications sent to/from outside Antitrust Litigation counsel concerning this Antitrust Litigation;

b.      Attorney work product prepared for or as a result of this Antitrust Litigation; and/or

c.      Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) which are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

### D. Log Production Timing

13.     Privilege logs shall be produced and served within 30 days of their related document production (*i.e.,* the production within which such privileged material would have otherwise been produced).

14.     Each privilege log shall be consecutively numbered (starting with log "No. 1") and identified by its date of service.  After the first log, each successive log shall begin its log entries with the next unique document number in consecutive order from the prior log's last log entry.

### E. Production of Prior Log(s)

15.     To the extent parties re-produce privilege logs that were produced in other proceedings, such re-productions of prior privilege logs are not subject to the requirements of

4

this Order and will be re-produced in the same format as in the underlying proceeding, including with covering correspondence to the extent available. If a party requires additional information related to a privilege log from a prior proceeding, the parties will meet and confer in good faith to try to reach a mutually agreeable resolution.

## II.    Privilege Challenges

### A.    As Concerns Documents

16.    The parties agree that any party may challenge the privilege designation of any document by notifying the other party in writing of the document and the basis for the challenge. Any party receiving a challenge shall respond to the challenge within 7 (seven) calendar days by either (a) withdrawing the privilege claim and providing the previously withheld information or (b) identifying all bases for rejecting the challenge to the privilege claim(s) asserted.  If the challenge exceeds 50 documents, the parties will promptly meet and confer regarding a response time frame.  To the extent any privilege claims are not withdrawn, the parties shall promptly meet and confer over any dispute issues, and, if the parties are not able to resolve all the disputed issues, the challenging party may seek relief from the court and refer to the challenged document(s) in any related briefing.

17.    Notwithstanding the foregoing, a challenging party may seek more expedited relief from the Court at any time if there is good cause for doing so, such as where, among other circumstances, the timing of a privilege designation may interfere with the challenging party's ability to obtain timely or appropriate relief.

### B.    As Concerns Testimony

18.    The parties agree to meet and confer in good faith to resolve privilege disputes that arise in the context of a deposition and to involve the court only as necessary under the

5

circumstances.

### III.    Inadvertent Disclosure & Non-Waiver

19.    When the inadvertent disclosure of any information, document, or thing protected by privilege is discovered by the producing party and brought to the attention of the receiving party (a "clawback" request), the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Absent exigent circumstances (*e.g.*, where a systemic vendor error caused the inadvertent production of a substantial universe of material), the producing party shall provide to the receiving party at the time of the clawback request all the information that normally would be reflected in a privilege log entry with respect to each document identified in the clawback request.

20.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, a party's inadvertent disclosure in this Antitrust Litigation of a communication or information claimed to be privileged does not itself constitute a waiver of such privilege.

21.    However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate, including on the basis of waiver. The receiving party shall have the right to apply for an order that such materials are not protected from disclosure by any privilege or doctrine, and may, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), present any clawback challenge to the court and seek an *in camera* determination of the claim. At all times, the producing party bears the burden of proving the propriety of its claimed privilege(s).


SO ORDERED, this ___ day of _____, 2026.

_____
U.S.D.J.

6

**Stipulated and agreed**:

By:    */s/ Andrew Lazerow*

Andrew Lazerow
Ashley Bass
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
alazerow@cov.com
abass@cov.com

*Counsel for Defendants Novo Nordisk Inc. and Novo Nordisk A/S*

By:    */s/ Bradley Demuth*

Bradley J. Demuth
**FARUQI & FARUQI LLP**
685 Third Avenue
New York, NY 10017
(212) 983-9330
bdemuth@faruqilaw.com

Peter Kohn
**FARUQI & FARUQI LLP**
1617 JFK Blvd, Suite 1550
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com

Bruce E. Gerstein
Dan Litvin
**GARWIN GERSTEIN & FISHER LLP**
88 Pine Street, 28th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
dlitvin@garwingerstein.com

*Counsel for Plaintiff J M Smith Corporation and Interim Co-Lead Counsel for the Direct Purchaser Class*

By:   */s/ Brian D. Brooks*

Brian D. Brooks
Greg Linkh
Lee Albert
**GLANCY PRONGAY WOLKE & ROTTER LLP**
230 Park Avenue, Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com
bbrooks@glancylaw.com
lalbert@glancylaw.com

Justin N. Boley
Tyler J. Story
Margaret L. Shadid
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222

jnb@wbe-llp.com
tjs@wbe-llp.com
ms@wbe-llp.com

Joey P. Leniski, Jr.
**HERZFELD SUETHOLZ GASTEL
LENISKI AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
joey@hsglawgroup.com

Todd Seaver
Carl N. Hammarskjold
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
tseaver@bermantabacco.com
chammarskjold@bermantabacco.com

*Counsel for Plaintiff Teamsters Local 237
Retiree Fund and Uniformed Fire Officers
Association Retired Officers Family Protection
Plan*

8